■ In the Matter of LEONARD J. HUETHER, as Fire Chief of the City of Rochester, on Behalf of ROBERT PARINA, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the

Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for performance of duty disability retirement for Robert Parina.

Robert Parina, a City of Rochester firefighter, applied for performance of duty disability retirement benefits under Retirement and Social Security Law § 363-c. The initial determination of the New York State Policemen's and Firemen's Retirement System denied the application on the ground that Parina's incapacity did not result from a service-related disability. Parina sought a hearing, after which the Hearing Officer denied the application upon a finding that there was insufficient evidence of a disability resulting from heart disease so that the presumption of a duty-related disability as provided in Retirement and Social Security Law § 363-a (1) was not applicable. Respondent adopted this view and denied the application. Petitioner commenced this CPLR article 78 proceeding to challenge the determination and it has been transferred to us for resolution pursuant to CPLR 7804 (g).

Petitioner argues that Parina's disability resulting from heart disease was established by Parina's application for performance of duty retirement benefits and the initial determination denying the application, both of which were offered by the Retirement System as exhibits during the hearing. These documents cannot stand as proof of the underlying condition as they are jurisdictional in nature, merely providing background and authority for the hearing. Indeed, the Retirement System's counsel made this clear at least with regard to the initial determination and petitioner's attorney expressed his lack of objection to such procedure. That the Retirement System might have admitted Parina's disability does not permit invocation of the statutory presumption because the underlying heart disease as the cause of the disability remained unestablished. Accordingly, the exhibits do not provide the necessary factual predicate to invoke the presumption of Retirement and Social Security Law § 363-a (1).

Petitioner also argues that Parina's testimony at the hearing established that he was disabled due to heart disease so that the pertinent statutory presumption should have been applied. Despite Parina's testimony concerning a heart attack and related heart problems, there was no expert medical proof confirming Parina's heart condition or linking any such condition to his disability. It is not unreasonable for respondent to require expert medical proof by an applicant for performance of duty disability retirement benefits; to be sure, we consis-

tently have held that respondent's exclusive authority to determine retirement applications (see, Retirement and Social Security Law § 374 [b]) includes evaluation, acceptance and rejection of competing medical opinions (see, e.g., *Matter of Heavey v Regan,* 161 AD2d 917). Respondent's refusal to credit Parina's testimony in the absence of any supporting expert medical testimony is rational. Without any accepted proof of a heart disease causing disability, the presumption of Retirement and Social Security Law § 363-a (1) was not available so that the denial of the application for performance of duty retirement benefits must be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.