■ In the Matter of THOMAS P. FLYNN, Appellant-Respondent, v WILLIAM MCLAUGHLIN, Individually and as Fire Commissioner of the City of Yonkers, et al., Respondents-Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination by the respondents dated December 7, 1987, placing the petitioner on "non-line-of-duty" sick leave, thereby denying the petitioner benefits under General Municipal Law § 207-a, the appeal and cross appeal, by permission, are from an order of the Supreme Court, Westchester County (Carey, J.), entered December 2, 1988, which annulled the determination and remitted the matter to the respondents for a de novo determination as to the petitioner's entitlement to benefits under General Municipal Law § 207-a.

Ordered that the order is affirmed, without costs or disbursements.

The instant controversy arose because the petitioner submitted a letter to the respondent Fire Department of the City of Yonkers (hereinafter Yonkers Fire Department), from his personal physician, Dr. Stephen A. Novick, to justify his failure to attend a scheduled disciplinary hearing. It stated that the petitioner was being treated for coronary artery disease, prompting the doctor to recommend that the petitioner's appearance at the hearing be postponed for at least two weeks. In response, on December 7, 1987, the Yonkers Fire Commissioner wrote the petitioner a letter informing him that under the collective bargaining agreement he would be placed on "non-line-of-duty" sick leave. It is undisputed that no investigation was conducted by the Yonkers Fire Department to ascertain the petitioner's medical condition before this letter was written to the petitioner. Within four months, the petitioner commenced the instant proceeding to review the determination that his condition was not work related.

By order dated December 2, 1988, the Supreme Court annulled the determination and directed the Yonkers Fire Department to determine, de novo, whether the petitioner's condition was work-related such as to entitle him to benefits under General Municipal Law § 207-a. The Supreme Court found that the determination placing the petitioner on "non-line-of-duty" sick leave was arbitrary because it had been

based on Dr. Novick's letter which had simply stated that the petitioner suffered from coronary artery disease, without addressing the question of whether it was work-related. The Supreme Court declined to rule on whether the petitioner was statutorily-presumed to have a work-related heart condition for purposes of General Municipal Law § 207-a, finding that this would have to be considered by the Yonkers Fire Department in the course of further proceedings. The petitioner and the Yonkers Fire Department have appealed and cross-appealed by permission from that order.

The determination as to whether the petitioner is entitled to benefits under General Municipal Law § 207-a is to be made in the first instance by the firefighter's employer *(see, King v City of Newburgh,* 84 AD2d 388, 393). Here, the Yonkers Fire Department has never made a proper determination that the petitioner is not entitled to benefits under General Municipal Law § 207-a. The determination dated December 7, 1987, was made without the benefit of an investigation. Therefore, the Supreme Court properly remitted the matter to the Yonkers Fire Department for a de novo determination as to whether the petitioner is entitled to benefits under General Municipal Law § 207-a *(see, King v City of Newburgh, supra).*

The petitioner argues on appeal that, in the event he is granted either accidental disability retirement under Retirement and Social Security Law § 363 or performance of duty disability retirement under Retirement and Social Security Law § 363-c, he then should be entitled, as a matter of law, to the supplementary wage payments and other benefits provided for under General Municipal Law § 207-a. In light of the fact that the petitioner's applications for disability retirement have not yet been granted or denied, this issue is not ripe for review. Moreover, contrary to the contention of the petitioner, a firefighter who qualifies for a disability retirement is not automatically entitled to the benefits of General Municipal Law § 207-a *(see, Matter of Sutka v Conners,* 73 NY2d 395).

Lastly, we note that the respondents-appellants have raised several arguments which were previously raised in their prior motion to dismiss the petition and rejected by order of the Supreme Court, Westchester County, dated November 7, 1988. Since the order dated November 7, 1988, is not before us on appeal, these arguments are not properly before this court. Brown, J. P., Rosenblatt, Miller and Ritter, JJ., concur.