■ In the Matter of GARY DELLA VECCHIA, Petitioner, v TOWN OF NORTH HEMPSTEAD, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of North Hempstead, dated July 17, 1989, which, after a hearing, terminated the petitioner's employment as a Laborer II in the Department of Highways of the Town of North Hempstead.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the petitioner is reinstated to his position as a Laborer II in the Department of Highways of the Town of North Hempstead, with salary and other benefits which have attached to that position from October 8, 1985, to the date of such reinstatement, less any salary or benefits he has received in his capacity as an employee of the Town of North Hempstead during the subject period, or any unemployment compensation received during that period.

The petitioner Gary Della Vecchia was employed as a Laborer II by the Town of North Hempstead, during a 13-year period between December 1972 and January 1986. On October 20, 1984, the petitioner became unable to work because of a schizophrenic condition which required him to be hospitalized. In early October of the following year, the petitioner's treating psychiatrist determined that he was well enough to return to his employment, and notified his foreman that the petitioner would resume work on October 8, 1985. When the petitioner returned to work on October 8, 1985, however, he was informed that he could not resume his employment until

he had been examined by the Town's psychiatrist. After examining the petitioner in December 1985 the Town psychiatrist recommended that he not return to work, both because of his illness, and because he was required to take a medication which could cause drowsiness. Thereafter, by letter dated January 2, 1986, the Town notified the petitioner that his employment had been terminated because he had been "continuously absent and unable to perform [his] duties as a Laborer II for more than one year by reason of a disability" (see, Civil Service Law § 73).

The petitioner subsequently commenced an action against the Town in the United States District Court for the Eastern District of New York, pursuant to 42 USC § 1983. Following cross motions by both parties for summary judgment, the District Court concluded that due process required the Town to afford the petitioner a hearing to determine whether he was capable of performing his duties as a Laborer II between October 8, 1985, and October 19, 1985. At the ensuing hearing, the Town's psychiatrist conceded that he could not state, with a reasonable degree of medical certainty, whether the petitioner was capable of performing his duties during this 11-day period. In contrast, the petitioner's treating psychiatrist testified that he had examined the petitioner on October 3, 1985, and on October 24, 1985, and that on both occasions, he found the petitioner to be capable of returning to work and performing his duties. He added, moreover, that the petitioner exhibited no signs that his medication was causing him drowsiness. The Hearing Officer nevertheless found that the petitioner was incapable of performing his duties for a one-year period from October 19, 1984, to October 19, 1985. The Hearing Officer thus concluded that the Town had properly discharged the petitioner pursuant to Civil Service Law § 73, which provides, in relevant part, that "[w]hen an employee has been continuously absent from and unable to perform the duties of his position for one year or more by reason of a disability * * * his employment status may be terminated".

It is well established that in order to annul an administrative determination made after a constitutionally required hearing, a court must be satisfied, after reviewing the record as a whole, that the record lacks substantial evidence to support the determination (see, CPLR 7803 [4]; *Matter of Lahey v Kelly*, 71 NY2d 135; *300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176). "While the quantum of evidence that rises to the level of 'substantial' cannot be precisely defined, the inquiry is whether 'in the end the

finding is supported by the kind of evidence on which responsible persons are accustomed to rely in serious affairs' " *(People ex rel. Vega v Smith,* 66 NY2d 130, 139, quoting from *National Labor Relations Bd. v Remington Rand,* 94 F2d 862, 873).

Applying these principles at bar, we find the Town's determination that the petitioner was incapable of resuming his duties between October 8, 1985 and October 19, 1985, is not supported by substantial evidence. At bar, the only evidence offered in support of the Town's claim that the petitioner was incapacitated from his employment during the subject period was the testimony of a psychiatrist who did not examine him until December 1985 and was unable to offer an opinion as to his fitness to resume his duties in October 1985. Moreover, in reaching his determination that the petitioner was incapacitated, the Hearing Officer erroneously assumed that the petitioner was taking 1400 milligrams per day of Thorazine, a dosage which the Town's psychiatrist indicated could impair his ability to "react to stimuli". However, the record establishes that to the contrary, the petitioner was taking 600 to 800 milligrams of Thorazine per day in October 1985. Accordingly, the record as a whole fails to establish that the petitioner was incapable of performing his duties for a continuous period of one year or more, and the Town's determination must be annulled. We thus direct that the petitioner be reinstated to his position as Laborer II with the salary and benefits which have attached to such position from October 8, 1985, to the date of his reinstatement, less any salary and benefits he has received in his capacity as an employee of the Town of North Hempstead during the subject period, or any unemployment compensation received during that period. Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.