■ In the Matter of NICHOLAS E. FARINELLA, Petitioner, v DE FOREST C. PITT, as Hearing Officer, et al., Respondents.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty retirement benefits.

In order for petitioner to be eligible for performance of duty

retirement benefits, petitioner must prove that, at the time his application was filed, he was physically incapacitated from performing his duties as a firefighter *(see,* Retirement and Social Security Law § 363-c). The record contains conflicting medical opinions as to whether petitioner was permanently disabled on that date. It is within respondent Comptroller's authority to evaluate and reject conflicting medical evidence *(see, Matter of Huether v Regan,* 169 AD2d 907), and the Comptroller is free to credit one physician's testimony over that of another *(see, Matter of Rubinski v New York State & Local Police & Fire Retirement Sys.,* 156 AD2d 888, 889). Here, James Holmblad testified that petitioner was capable of performing his duties as of the date of his examination. Accordingly, because the Comptroller's determination denying petitioner's application is supported by substantial evidence, it must be upheld *(see, supra).*

Mahoney, P. J., Casey, Mikoll, Levine and Crew III, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.