■ In the Matter of BARBARA DAWSON et al., Appellants, v R. BRAD GIBSON et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Warwick Valley Central School District to place the petitioners' son in a 12-month residential school program, the petitioners appeal,

by permission, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated June 13, 1991, as denied their application in part.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioners in this case, the parents of a 12-year-old child suffering from Tourette syndrome, challenged the recommendation of the Committee on Special Education (hereinafter the CSE) of the Warwick Valley Central School District regarding the education of their son. The CSE recommended that their son, who had been temporarily placed approximately three months earlier in a "self contained" special education class, be transferred to the Orange-Ulster County BOCES school for the summer of 1991. CSE also stated that it would consider placing him at the BOCES school for the 1991-1992 academic year. The petitioners commenced this proceeding and sought, among other things, to compel the respondents, who are members of the Board of Education of the Warwick Vally Central School District, to place their son at a private residential school.

We agree with the trial court's determination that the petitioners were required to exhaust their administrative remedies (see, Education Law § 4404; 8 NYCRR part 200). The petitioners did not demonstrate that pursuing administrative remedies would be futile or would cause irreparable injury to their son (see, Honig v Doe, 484 US 305; Matter of Behavior Research Inst. v Ambach, 144 AD2d 872; Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57). Thompson, J. P., Kunzeman, Miller and Copertino, JJ., concur.