In the Matter of GEORGE BARSON, Individually and as Commissioner of the Greenville Fire District, et al., Appellants, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents.

Third Department, February 27, 1992

APPEARANCES OF COUNSEL

*Hoffman, Wachtell, Koster, Maier & Mandel (Eric D. Koster* of counsel), for appellants.

*Robert Abrams, Attorney-General (Leslie B. Neustadt* and *Wayne L. Benjamin* of counsel), for Edward V. Regan and another, respondents.

*Donald P. Henry* and *Thomas F. De Soye* for John Masullo, respondent.

## OPINION OF THE COURT

YESAWICH JR., J.

Petitioners seek to annul a determination by respondent Comptroller that respondent John Masullo is permanently disabled and incapacitated from the performance of his duties as a firefighter and that he should be retired pursuant to Retirement and Social Security Law § 363-c. Before answering, the Comptroller moved to dismiss the petition, claiming that petitioners lacked standing to challenge the administrative determination of Masullo's disability. Masullo also moved to dismiss; his motion disputes petitioners' standing and that the petition states a cause of action. Dismissing the petition for lack of standing, Supreme Court observed that petitioner George Barson, individually as a property owner and taxpayer, had failed to allege an injury " 'different in kind and degree from the community generally' " *(Greenwich Citizens Comm. v Counties of Warren & Washington Indus. Dev. Agency,* 164 AD2d 469, 472, *lv denied* 77 NY2d 810, *cert denied sub nom. Schulz v Washington County,* — US —, 112 S Ct 580, quoting *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, 413), that neither he nor petitioner Greenville Fire District showed an interest within the "zone of interest" to be protected by the statute, that the Legislature intended that only applicants for retirement would have standing to seek judicial review of the Comptroller's decisions regarding such applications *(see,* Retirement and Social Security Law § 374), and that the Comptroller is vested with exclusive authority to determine retirement appli-

cations *(see,* Retirement and Social Security Law § 374 [b]; *Matter of Glaski v Regan,* 115 AD2d 111). The court did not pass upon whether the petition failed to state a cause of action. This appeal ensued.

We agree with Supreme Court's analysis and find it necessary to add only that, contrary to petitioners' belief, the Comptroller's determination granting Masullo retirement benefits does not mandate that the Fire District pay him benefits pursuant to General Municipal Law § 207-a *(see,* Retirement and Social Security Law § 363-c [j]). A firefighter who qualifies for retirement benefits is not automatically entitled to section 207-a benefits *(Matter of Flynn v McLaughlin,* 169 AD2d 768, 769; *see, Matter of Sutka v Conners,* 73 NY2d 395, 404, 405); that determination must be made in the first instance by the municipal employer *(King v City of Newburgh,* 84 AD2d 388, 393). Even though petitioners are, as they urge, responsible for ensuring that the Fire District's funds raised by taxation are properly expended *(see,* Town Law §§ 176, 181), they have not shown that their General Municipal Law § 207-a interests are harmed by the Comptroller's determination made pursuant to Retirement and Social Security Law § 363-c *(see, Matter of City of New York v City Civ. Serv. Commn.,* 60 NY2d 436, 442-443).

Weiss, P. J., Mikoll and Crew III, JJ., concur.

Ordered that the judgment is affirmed, without costs.