■ In the Matter of ROGER CROCKER, Respondent, v VILLAGE OF ENDICOTT et al., Appellants.—Levine, J. Appeal from a judgment of the Supreme Court (Fischer, J.), entered November 14, 1991 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, inter alia, pay petitioner all benefits to which he is entitled pursuant to General Municipal Law § 207-a.

In January 1987, petitioner injured his left arm in the

performance of his duties as a firefighter for respondent Village of Endicott in Broome County. Petitioner was thereafter disabled from work for a period of time, but eventually returned to light duty work and then to his regular duties in February 1987. Due to continuing problems with his arm, petitioner was again assigned light duty in February 1988. At all times subsequent to his injury petitioner remained on the Village payroll and was paid his regular salary (see, General Municipal Law § 207-a [1], [3]).

In September 1989, petitioner applied for and was ultimately granted benefits for accidental disability retirement (see, Retirement and Social Security Law § 363) and retirement for disability incurred in performance of duty (see, Retirement and Social Security Law § 363-c). Respondents subsequently sought a redetermination of the Comptroller's decision granting petitioner's retirement applications. That request was denied for lack of standing. The Village then sent petitioner a notice informing him of its intention to conduct a hearing on the issue of his ability to perform light duty. Despite the Comptroller's grant of petitioner's retirement applications, the Village refused to provide the State and Local Police and Fire Retirement System (hereinafter the Retirement System) with the payroll and personnel data needed to calculate petitioner's benefits, and advised petitioner that he was expected to continue performing his full-time light duty assignment "until further notice".

Petitioner then commenced this CPLR article 78 proceeding seeking, inter alia, an order directing the Village to release to the Retirement System the information necessary to calculate his benefits and to pay the difference between his retirement benefits and his full salary pursuant to General Municipal Law § 207-a (2). Supreme Court granted the foregoing requests for relief and this appeal by respondents ensued.

There should be an affirmance. Pursuant to General Municipal Law § 207-a (1), paid firefighters employed by a village who are injured in the performance of their duties "shall be paid by the municipality * * * the full amount of [their] regular salary or wages until [their] disability arising therefrom has ceased". Under the foregoing provision, the municipality may appoint a physician to monitor the condition of the injured firefighters "from time to time" and upon certification that such firefighters are physically able to perform their regular duties, the municipality's liability for payment of salary or wages ceases (General Municipal Law § 207-a [1]). General Municipal Law § 207-a (2) provides that payment by a munici-

pality of the full amount of salary or wages will also be discontinued if firefighters are granted accidental disability retirement allowances or retirement for disability incurred in the performance of duty allowances (see, Retirement and Social Security Law §§ 363, 363-c), except that in such cases a municipality is obligated to continue to pay to the firefighters "the difference between the amounts received under such allowance or pension and the amount of [their] regular salar[ies] or wages" until they shall have attained mandatory retirement age or have attained the age or performed the period of service specified by applicable law for the termination of their service. Here, respondents do not claim that petitioner is physically able to return to his regular duties. Rather, respondents contend that the Village is entitled to hold a hearing to determine petitioner's ability to perform light duty before being held responsible to pay the differential between his retirement allowances and his regular salary. We disagree.

Initially, we note that nothing contained in General Municipal Law § 207-a authorizes a municipality to make inquiry into a firefighter's ability to perform light duty once a disability retirement allowance has been granted under the Retirement and Social Security Law. Indeed, upon the Comptroller's determination that a firefighter is physically incapacitated for the performance of duty and ought to be retired, the firefighter "shall be so retired" (Retirement and Social Security Law § 363 [d]; § 363-c [d]). Thus, at the time of retirement, such a firefighter is no longer eligible to remain on the payroll to perform even light duty. The only authority enabling a municipality to make inquiry into a firefighter's ability to perform light duty is General Municipal Law § 207-a (3), which permits such a determination to be made only in the event that a firefighter is either not eligible for or not granted an accidental disability allowance, a performance of duty disability retirement allowance or a similar accidental disability pension. Because in this case petitioner was awarded disability retirement allowances under the Retirement and Social Security Law, it is our view that the Village is without authority to hold a hearing on the issue of his fitness to perform light duty.

We are unpersuaded by respondents' other claim that the Village is entitled, pursuant to General Municipal Law § 207-a (3), to make an independent determination of petitioner's eligibility for an accidental disability retirement allowance or a performance of duty disability allowance. The Comptroller

has the exclusive authority to determine retirement applications (see, Retirement and Social Security Law § 374 [b]; *Matter of Huether v Regan,* 169 AD2d 907, 909, *lv denied* 77 NY2d 808), and there is no language in General Municipal Law § 207-a (3) altering that authority or empowering a municipality to make its own determination of eligibility under the Retirement and Social Security Law. Accordingly, we conclude that Supreme Court correctly held that the Village is without authority to conduct a hearing on the issue of petitioner's ability to perform light duty and properly directed respondents to remove petitioner from the Village payroll, to supply the Retirement System with all necessary information and to pay petitioner the benefits to which he is entitled under General Municipal Law § 207-a (2).

Weiss, P. J., Mikoll and Mercure, JJ., concur. Ordered that the judgment is affirmed, with costs.