■ In the Matter of THOMAS G. ZOLZER, Petitioner, v NEW

York State Comptroller, New York State and Local Employees' Retirement System and Police and Fire Retirement System, Respondent. [601 NYS2d 979] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

There is substantial evidence to support respondent's determination that petitioner failed to sustain his burden of proving that he was permanently incapacitated from performing his duties as a police officer (see, Matter of Valerioti v New York State Comptroller, State & Local Employees' Retirement Sys., Policemen's & Firemen's Retirement Sys., 186 AD2d 858). Petitioner's experts testified that petitioner had a permanently disabling lower back condition and that he was unable to function as a full-duty police officer. The physician for the New York State and Local Police and Fire Retirement System, however, reached a contrary conclusion. Based on his examination of petitioner, as well as a review of various tests performed on petitioner this expert was of the opinion that petitioner had a resolved lumbar sprain that would not prevent him from performing his duties. It was for respondent to evaluate and reject conflicting medical evidence and he was free to credit one physician's testimony over that of others (see, Matter of Newman v New York State Police & Firemen's Retirement Sys., 186 AD2d 306, lv denied 81 NY2d 701; Matter of Farinella v Pitt, 175 AD2d 977). The record before us supports respondent's discretion in denying the application for accidental disability retirement benefits based on the creditable expert testimony (see, Matter of Heavey v Regan, 161 AD2d 917). Petitioner's remaining arguments have been considered and rejected as unpersuasive.

Weiss, P. J., Mercure, Cardona, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.