■ In the Matter of THOMAS P. FLYNN, Petitioner, v TERENCE M. ZALESKI, as Mayor of the City of Yonkers, et al.,

Respondents. [622 NYS2d 791] —Proceeding pursuant to CPLR article 78 to review a determination of the respondents, Terence M. Zaleski and the City of Yonkers, dated March 17, 1992, which, after a hearing, denied the petitioner's application for benefits under General Municipal Law § 207-a.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner, a firefighter with the City of Yonkers, was twice injured during the course of his employment as a firefighter. The first injury occurred on March 2, 1987, and the second injury occurred on October 23, 1987. In December of 1987 the petitioner simultaneously applied for voluntary service retirement and disability retirement, claiming the incidents of March and October as the basis for the disability retirement. In 1988, the New York State Retirement System granted the petitioner a voluntary retirement and in August of 1990 notified him that it had granted his application for a Performance of Duty Disability Retirement pension. In the interim, the petitioner had applied for a wage supplement pursuant to General Municipal Law § 207-a. This wage supplement would compensate him for the difference between the amount he receives under a disability pension and the salary he would otherwise receive as an active firefighter.

The Yonkers Fire Department denied the petitioner's request for the wage supplement. Thereafter, the petitioner commenced a proceeding pursuant to CPLR article 78. In an order dated December 2, 1988, the Supreme Court found that "there was no adequate basis" for the Fire Department's denial of benefits under General Municipal Law § 207-a and directed the respondents to determine, de novo, whether the petitioner's condition was duty related so as to entitle him to the benefits sought. This Court affirmed that order (*Matter of Flynn v McLaughlin*, 169 AD2d 768, 769).

After a hearing, the Yonkers Fire Department again denied the petitioner's request for the wage supplement. The petitioner appealed to the City of Yonkers, which also denied his application. Thereafter, the petitioner commenced the instant proceeding to review the determination.

The benefits afforded firefighters pursuant to General Municipal Law § 207-a are remedial in nature and thus the statute is to be liberally construed in their favor (*Matter of Klonowski v Department of Fire*, 58 NY2d 398; *Matter of Collins v City of Yonkers*, 207 AD2d 830; *Pease v Colucci*, 59

AD2d 233). The entitlement to benefits under this section, however, is dependent on two factors; (1) the firefighter must have either been injured in, or become sick as a result of, the performance of his or her duties, and (2) by reason thereof, the firefighter must have been disabled from performing his or her regular duties (see, King v City of Newburgh, 84 AD2d 388).

We find that there is substantial evidence to support the respondents' conclusion that, although the petitioner was disabled from performing his regular duties, his coronary artery disease was not job-related. The medical testimony discloses that the petitioner smoked for decades, that his cholesterol level and weight problem all contributed to his coronary artery disease, and that the disease arose over a long period of time and could not have been produced by the accidents. It is within the agency's authority to evaluate and reject conflicting medical evidence and the agency is free to credit one physician's testimony over that of another (see, Matter of Newell v Regan, 202 AD2d 771, 772; Matter of Longendyke v Regan, 195 AD2d 695, 696; Matter of Newman v New York State Police & Firemen's Retirement Sys., 186 AD2d 306, 307; Matter of Farinella v Pitt, 175 AD2d 977, 978; Matter of Huether v Regan, 169 AD2d 907; Matter of Rubinski v New York State & Local Police & Fire Retirement Sys., 156 AD2d 888, 889).

Our decision in Matter of Pidel v City of Yonkers (208 AD2d 845, 847) is not to the contrary, since in that case the Comptroller expressly determined that the firefighter was permanently " 'incapacitated for the performance of duties * * * as the natural and proximate result of an accident sustained in service' " (quoting Retirement and Social Security Law § 363 [a] [2]). Sullivan, J. P., Rosenblatt, Copertino and Hart, JJ., concur.