■ In the Matter of RAYMOND DEMBOWSKI, Respondent, v LOUIS LA POLLA,· as Mayor and Public Safety Commissioner for the City of Utica, et al., Appellants. [625 NYS2d 382] —Judgment unanimously reversed on the law without costs and motion denied in accordance with the following Memorandum: Petitioner was formerly employed as a firefighter with the City of Utica. He resigned on August 27, 1990, claiming that he was under stress as a result of various incidents that had occurred during his 14 years as a firefighter. On February 13, 1991, petitioner filed for performance of duty disability benefits pursuant to the Retirement and Social Security Law. Three doctors examined petitioner and each concluded that petitioner was suffering from post-traumatic stress disorder, but they were not in agreement about its cause. One doctor concluded that the disorder is the result of petitioner's experience as a firefighter, another concluded that the disorder is the result of petitioner's military service in Vietnam, and the third concluded that the disorder has been aggravated by petitioner's employment as a firefighter. In any event, the

State granted petitioner a performance of duty disability retirement.

Subsequently, petitioner requested that, pursuant to General Municipal Law § 207-a (2), respondents pay him the difference between his regular salary and his performance of duty retirement allowance retroactive to August 20, 1991, the date on which the State granted his application. Respondents denied that request, stating that petitioner's application was not timely and that, in any event, the disability was not job related. Petitioner commenced this CPLR article 78 proceeding to compel respondents to comply with General Municipal Law § 207-a (2) or, in the alternative, to hold a hearing pursuant to the Utica City Code to determine whether he is entitled to benefits. Respondents submitted an affidavit in opposition. Supreme Court granted the petition in part by directing respondents to conduct a hearing.

Preliminarily, we note that respondents did not submit an answer to the petition. Because the affidavit in opposition was submitted within the time allowed for an answer, we treat the affidavit as a motion to dismiss based on objections in point of law *(see,* CPLR 7804 [c], [f]) and deny the motion. Respondents cannot "make an independent determination of petitioner's eligibility for * * * performance of duty disability allowance. The Comptroller has the exclusive authority to determine retirement applications" *(Matter of Crocker v Village of Endicott,* 184 AD2d 820, 822-823). "[T]he issue whether petitioner [was] permanently disabled as a result of an injury incurred during the performance of his duties has necessarily been decided by the Comptroller's determination to grant petitioner's application for a performance of duty disability retirement" *(Matter of Putnam v City of Watertown,* 213 AD2d 974, 975 [decided herewith]; *see, Pidel v City of Yonkers,* 208 AD2d 845; *Matter of Crocker v Village of Endicott, supra; see also, Matter of Klonowski v Department of Fire,* 58 NY2d 398, 406; *Matter of Mashnouk v Miles,* 55 NY2d 80, 87).

We reverse the judgment on appeal, deny respondents' motion and permit respondents to answer provided that the answer is served and filed within 20 days after service of the order of this Court with notice of entry *(see,* CPLR 7804 [f]). Although respondents are precluded from challenging the Comptroller's determination, other defenses may be available *(see,* General Municipal Law § 207-a [6]; *Matter of Putnam v City of Watertown, supra).* (Appeal from Judgment of Supreme Court, Oneida County, Parker, J.—Article 78.) Present—Denman, P. J., Lawton, Wesley and Boehm, JJ.