■ In the Matter of PATRICK PUTNAM, Respondent, v CITY OF WATERTOWN, Appellant. [625 NYS2d 384] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Respondent, City of Watertown (City), appeals from an order that granted the petition and directed the City to comply with General Municipal Law § 207-a (2) by paying petitioner the difference between his regular salary or wages and his performance of duty retirement allowance, retroactive to January 20, 1989. A judgment was subsequently entered granting the petition. Because the order appealed from is subsumed in the judgment, the proper appeal is from the judgment. In the exercise of our discretion, we deem the appeal to have been taken from the subsequent judgment (see, CPLR 5520 [c]; Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988).

Petitioner retired as a firefighter from the City of Watertown Fire Department on January 20, 1989. He thereafter filed an application with the New York State Police and Fire Retirement System for a performance of duty disability retirement based on an injury sustained in July 1987 while performing his duties as a member of the Fire Department. On December 11, 1990, that application was granted by the Comptroller. By letter dated May 26, 1993, petitioner's counsel demanded that, pursuant to General Municipal Law § 207-a (2), the City pay petitioner the difference between his disability retirement benefits and his regular salary or wages retroactive to January 20, 1989. The City, by letter, rejected the demand "at this time" on the ground that petitioner never applied for those benefits. It also advised petitioner to "contact us if [petitioner] wishes the City to investigate this matter, conduct a hearing, and render a determination on whether [petitioner] is eligible for 207-a benefits." Additionally, petitioner was notified that the City had information that he had been working in the State of Florida since his retirement. Rather than requesting that the City review and determine his request, petitioner commenced this proceeding.

Supreme Court should have dismissed the petition on the ground that the City's denial of petitioner's demand is not a final determination (see, CPLR 7801 [1]). The response by the City does not constitute a final determination because no definite position is expressed with respect to petitioner's eligibility (see, Dozier v New York City, 130 AD2d 128, 133). Moreover, any harm could have been ameliorated or prevented by further administrative action that petitioner could

have requested *(see, Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 519-521, *cert denied* 479 US 985).

We reject the contention of petitioner that the finality requirement need not be met because his petition is in the nature of mandamus to compel. Because entitlement to payment from the City pursuant to General Municipal Law § 207-a (2) would be forfeited for any period in which petitioner engaged in other employment *(see,* General Municipal Law § 207-a [6]), he failed to establish a clear legal right to compel the City to perform a specific administrative act required by law *(see generally, Matter of Association of Surrogates & Supreme Ct. Reporters v Bartlett,* 40 NY2d 571). The City is entitled, therefore, to request that petitioner apply for section 207-a (2) benefits and to investigate the matter and conduct a hearing to determine his eligibility *(see generally, Local 589, Intl. Assn. of Fire Fighters v City of Newburgh,* 116 AD2d 396).

We must add, however, that, when the City determines petitioner's eligibility for benefits, the issue whether petitioner is permanently disabled as a result of an injury incurred during the performance of his duties has necessarily been decided by the Comptroller's determination to grant petitioner's application for a performance of duty disability retirement *(see, Pidel v City of Yonkers,* 208 AD2d 845; *Matter of Crocker v Village of Endicott,* 184 AD2d 820; *see also, Matter of Klonowski v Department of Fire,* 58 NY2d 398, 406; *Matter of Mashnouk v Miles,* 55 NY2d 80, 87; *Matter of Dembowski v La Polla,* 213 AD2d 972 [decided herewith]). (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—Article 78.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.