■ In the Matter of TIMOTHY P. GOOSHAW, Appellant, v VILLAGE OF MASSENA et al., Respondents. [628 NYS2d 462] —White, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered January 27, 1994 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Village of Massena dismissing petitioner from his position as a paid firefighter and denying all benefits due to nonoccupational injury.

While fighting a fire on February 15, 1989, petitioner, a permanent employee of the Village of Massena Fire Department in St. Lawrence County, slipped on ice and injured his shoulder. After returning to work, he reinjured his shoulder in a work-related accident that occurred on July 16, 1989. Petitioner returned to his job on August 23, 1989 and continued to work

until March 1, 1990, when his injuries allegedly forced him to stop.

Thereafter, in May 1990, petitioner applied to the New York State and Local Police and Fire Retirement System for accidental disability retirement benefits. His application was denied on October 11, 1990. Petitioner's collective bargaining representative then wrote respondent Charles R. Boots, the Mayor of the Village, on April 17, 1991 requesting that the Village provide petitioner with the benefits accorded him under General Municipal Law § 207-a. Boots acknowledged receipt of this communication, but took no further action regarding the request. Eventually, petitioner did receive an award from the Workers' Compensation Board, which found that he had sustained an "injury in the line of duty". Following this award, petitioner again unsuccessfully applied for accident disability retirement benefits.

Because petitioner had not returned to work, the Village, on January 6, 1993, served him with a notice of intention to dismiss, purportedly pursuant to Civil Service Law § 75, advising him that a hearing would be held on the charge that "[y]ou have been continuously absent from and unable to perform the duties of [your position] for in excess of one year by reason of a disability other than a disability resulting from occupational injury or disease". Petitioner appeared at the hearing with counsel but did not present any evidence, electing instead to request an additional 30 days to submit medical documentation. Even though his request was granted, petitioner did not submit any information. Whereupon, he was dismissed from his employment on February 26, 1993.

Petitioner responded by commencing this CPLR article 78 proceeding seeking a judgment vacating respondents' determination, reinstating him to his position and awarding him back pay. Supreme Court dismissed the petition, finding that petitioner had been afforded due process and that respondents' determination was supported by substantial evidence.* On reargument, it adhered to its decision, prompting this appeal.

Initially, as respondents recognize in their brief, the proceeding against petitioner was brought under Civil Service Law

---

* Inasmuch as a hearing under Civil Service Law § 73 is constitutionally required, we agree that substantial evidence is the proper standard of review (see, Matter of Della Vecchia v Town of North Hempstead, 174 AD2d 739, 740). Supreme Court, however, should have transferred the substantial evidence issue to this Court (see, CPLR 7804 [g]). This error is harmless since we will treat this matter as if properly transferred in the first instance (see, Matter of Marinelli Constr. Corp. v State of New York, 200 AD2d 294, 296).

§ 73, not Civil Service Law § 75, as indicated in the notice. This is evidenced by the fact that the language contained in the notice mirrors that set forth in section 73. Moreover, section 75 relates only to charges of misconduct or incompetency (*see*, Civil Service Law § 75 [1]).

Due process under Civil Service Law § 73 is satisfied if the employee is given a pretermination notice and some minimal opportunity to be heard, the rationale being that such employee is entitled to a full posttermination hearing (*see, Matter of Hurwitz v Perales*, 81 NY2d 182, 187, *cert denied* — US —, 114 S Ct 550). Therefore, inasmuch as these minimal due process rights were afforded petitioner, and as our review of the record discloses that respondents' determination is supported by substantial evidence in light of the medical evidence therein establishing that petitioner's undisputed absence was not due to a work-related disability, we shall affirm the dismissal of the petition.

Petitioner's arguments pertaining to his application for benefits under General Municipal Law § 207-a are not properly before us since respondents have not made a determination as to whether petitioner is eligible for such benefits (*see, Matter of Barson v Regan*, 177 AD2d 21, 23; *Matter of Flynn v McLaughlin*, 169 AD2d 768, 769).

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.