■ In the Matter of WILLIAM L. BEYETTE, Respondent, v CITY OF WATERTOWN et al., Appellants. [635 NYS2d 837] —Judgment unanimously affirmed with costs. Memorandum: Following a determination by the State Comptroller that petitioner is entitled to benefits for a disability incurred in the performance of duty (Retirement and Social Security Law § 363-c), petitioner applied to respondents for differential disability benefits pursuant to General Municipal Law § 207-a (2). Respondents denied the application. Supreme Court annulled the determination denying the application and respondents appeal.

Supreme Court properly annulled respondents' determination. A municipality is bound by the Comptroller's finding on the issue of disability because the Comptroller has exclusive authority to make that determination *(see, Matter of Putnam v City of Watertown,* 213 AD2d 974; *Matter of Dembowski v La Polla,* 213 AD2d 972, *lv dismissed* 86 NY2d 855).

An earlier CPLR article 78 proceeding brought by petitioner to compel the City to pay him differential disability benefits pursuant to section 207-a (2) was dismissed as premature because the City had no opportunity to investigate petitioner's application for benefits and conduct a hearing in that regard *(see, Putnam v City of Watertown, supra).* Following an investigation, a hearing and a final determination by the City Manager, petitioner commenced this proceeding to compel payment of those benefits. The dismissal of the first petition

without prejudice does not have res judicata effect so as to preclude this proceeding *(see, Matter of Ireland v Zoning Bd. of Appeals,* 195 AD2d 155, 158; *Matter of Driscoll v Department of Fire,* 115 AD2d 300, 301). (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—CPLR art 78.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.