In the Matter of ROBERT F. DELAHUNT, Respondent-Appellant, v CITY OF OSWEGO, Appellant-Respondent. [636 NYS2d 238] —Judgment unanimously affirmed with costs to plaintiff. Memorandum: We conclude, albeit for different reasons, that Supreme Court properly granted the petition and directed respondent to provide petitioner with General Municipal Law § 207-a benefits. Because the Comptroller granted petitioner's application for performance of duty disability retirement, it was improper for respondent to deny the application of petitioner for disability benefits pursuant to General Municipal Law § 207-a (2) on the ground that he was not permanently disabled as a result of his performance of duties as a firefighter *(see, Matter of Cook v City of Utica,* 216 AD2d 944, *lv granted* 86 NY2d 710; *Matter of Putnam v City of Watertown,* 213 AD2d 974; *Matter of Dembowski v La Polla,* 213 AD2d 972, *lv*

*dismissed* 86 NY2d 855; *Matter of Pidel v City of Yonkers,* 208 AD2d 845, 847, *lv denied* 85 NY2d 812). Furthermore, the ruling of the Workers' Compensation Board in favor of petitioner precluded respondent from denying General Municipal Law § 207-a (1) benefits on the ground that petitioner was not injured as a result of his performance of duties as a firefighter *(see, Matter of De John v Town of Frankfort,* 209 AD2d 938; *Matter of Fedorczak v Dolce,* 202 AD2d 668; *Matter of Maresco v Rozzi,* 162 AD2d 534; *Matter of Crawford v Sheriff's Dept.,* 152 AD2d 382, *lv denied* 76 NY2d 704). The ruling of the Workers' Compensation Board, however, is not a basis for determining that petitioner is entitled to General Municipal Law § 207-a (2) benefits because it does not necessarily determine that petitioner is permanently disabled as a result of his performance of duties as a firefighter. (Appeals from Judgment of Supreme Court, Oswego County, Hurlbutt, J.—CPLR art 78.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.