■ In the Matter of ROBERT D'ONOFRIO, Appellant, v CITY OF MOUNT VERNON, NEW YORK, Respondent. [641 NYS2d 870] —In a proceeding pursuant to CPLR article 78 to compel the respondent to pay to the petitioner the wage supplement and all benefits provided by General Municipal Law § 207-a (2), the appeal is from an order and judgment (one paper) of the Supreme Court, Westchester County (Fredman, J.), entered May 19, 1994, which granted the respondent's motion to dismiss the proceeding and dismissed the proceeding. The appeal brings up for review so much of an order of the same court, entered January 31, 1995, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order and judgment entered May 19, 1994, is dismissed, as the order and judgment was superseded by the order entered January 31, 1995, made upon reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The petitioner, a firefighter employed by the City of Mount Vernon, allegedly injured his back in the performance of his duties. Although the petitioner initially followed the collectively-bargained procedures for determining entitlement to General Municipal § 207-a benefits, the procedures were never followed through to a determination. Rather, upon the granting of his application for a performance-of-duty disability retirement pursuant to Retirement and Social Security Law § 363-c, the petitioner took the position that he was thereby also entitled to General Municipal Law § 207-a (2) benefits. When no payments were forthcoming, the petitioner commenced the present proceeding.

The Supreme Court granted the respondent's motion to dismiss the proceeding, finding, *inter alia,* that the petitioner had failed to exhaust his available administrative and contractual remedies prior to commencing this proceeding and that the petitioner had not demonstrated his entitlement to General Municipal Law § 207-a (2) benefits on the merits. Upon reargument, the court adhered to its determination. We affirm.

Given that the petitioner's application for General Municipal Law § 207-a (2) benefits has not yet been granted or denied by the respondent, we agree that the petitioner failed to

exhaust his administrative and contractual remedies (*see,* CPLR 7801; *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *Matter of Cosgrove v Klinger,* 58 AD2d 910). Further, contrary to the petitioner's contention, a firefighter who qualifies for a line-of-duty disability retirement pension is not automatically entitled to the benefits of General Municipal Law § 207-a (*see, Matter of Sutka v Conners,* 73 NY2d 395, 404; *Matter of Bernhard v Hartsdale Fire Dist.,* 226 AD2d 715 [decided herewith]; *Matter of Barson v Regan,* 177 AD2d 21, 23; *Matter of Flynn v McLaughlin,* 169 AD2d 768, 769), and the determination of whether to grant General Municipal Law § 207-a benefits must be made, in the first instance, by the municipal employer (*see, Matter of Barson v Regan, supra; Matter of Flynn v McLaughlin, supra; King v City of Newburgh,* 84 AD2d 388, 393). The Retirement and Social Security Law and the General Municipal Law are separate and distinct statutes with different eligibility requirements and, as such, eligibility for one does not mandate eligibility for the other (*see, Matter of Sutka v Conners, supra*).

In both *Matter of Flynn v Zaleski* (212 AD2d 706) and *Matter of Collins v City of Yonkers* (207 AD2d 830, 831), the respective petitioner firefighters had been granted a Retirement and Social Security Law § 363 pension. This Court held in both cases that since there existed a rational basis for the respondents' conclusion that the petitioners' alleged disability was not caused by an "line-of-duty" injury, the denial by the respondents in both cases of General Municipal Law § 207-a (2) supplemental wage benefits was proper. In *Matter of Flynn v Zaleski (supra),* this Court noted that the evaluation of conflicting medical evidence was within the agency's authority, and the agency was free to credit one physician's testimony over that of another. Here, the respondent relied upon reports from the petitioner's family doctor and the examining physicians selected by the respondent indicating that the petitioner's initial back injury was not sustained in the line of duty, and that the petitioner's back condition was not, as he claims, asymptomatic or dormant until exacerbated by an on-duty incident.

The holding of this Court in *Matter of Pidel v City of Yonkers* (208 AD2d 845) is not to the contrary. In that case the respondent challenged the firefighter's entitlement to General Municipal Law § 207-a (2) benefits on the grounds that he had voluntarily accepted an ordinary service retirement (*see,* Retirement and Social Security Law § 384-d) in 1988 and did not apply for a disability retirement until two years later, and not, as here,

on the ground that the injury was not sustained in the line of duty. Mangano, P. J., Copertino, Joy and Altman, JJ., concur.