■ In the Matter of FREDERICK C. HOFFMAN, Respondent, v CITY OF YONKERS, Appellant. [647 NYS2d 263] —In a proceeding pursuant to CPLR article 78, the City of Yonkers appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Lange, J.), dated March 3, 1995, as amended by a judgment of the same court, entered January 31, 1996, as granted the petition and directed it to pay to the petitioner wage supplement benefits pursuant to General Municipal Law § 207-a (2).

Ordered that the judgment as amended is reversed insofar as appealed from, on the law, with costs, the petition is denied, and the proceeding is dismissed.

Because the petitioner did not exhaust his administrative remedies before instituting this proceeding, the judgment as amended must be reversed and the proceeding must be dismissed (*see,* CPLR 7801 [1]; *Young Men's Christian Assn. v Rochester Pure Water Dist.,* 37 NY2d 371, 375; *Matter of Bern-*

*hard v Hartsdale Fire Dist.,* 226 AD2d 715; *Matter of D'Onofrio v City of Mount Vernon,* 226 AD2d 719; *Matter of Di Pietro v State Ins. Fund,* 206 AD2d 211, 214-215; *Doe v St. Clare's Hosp. & Health Ctr.,* 194 AD2d 365, 366; *see also, Matter of Dawson v Gibson,* 176 AD2d 876, 877). Moreover, contrary to the petitioner's contentions, the fact that he was awarded an accident disability retirement pursuant to Retirement and Social Security Law § 363 does not automatically entitle him to disability differential payments pursuant to General Municipal Law § 207-a (2) (*see, Matter of Cook v City of Utica,* 88 NY2d 833).

In light of the above, we need not reach the appellant's remaining contentions. Bracken, J. P., Miller, Copertino and Krausman, JJ., concur.