*247 OPINION OF THE COURT
George M. Bergerman, J.
This is a CPLR article 78 proceeding by the petitioners which seek an order invalidating all actions taken by the Town of Clarkstown Police Commission at its session of July 8, 1997. Respondents cross-move to dismiss the petition for failure to state a cause of action.
Petitioners allege that the Police Commission of the Town of Clarkstown illegally removed petitioner from the payroll at its July 8, 1997 meeting without giving the appropriate notice required by Public Officers Law § 104.
The respondents contend that there was no Police Commission meeting conducted on July 8, 1997. Furthermore, respondents contend that no action by the Police Commission is mandated by statute, rule or local ordinance prior to removal of a retired police officer from the Town’s payroll. As outlined in the Clarkstown Police Chiefs affidavit, when the New York State Comptroller approves the disability retirement of a Clarkstown police officer, no further Town hearing or formal procedure is required prior to removing the officer from the payroll. Removal from the payroll is simply a ministerial, non-discretionary function which is effected by the Town without requiring notice to or involvement of the retired police officer.
The New York State Comptroller has the exclusive authority to determine retirement applications pursuant to Retirement and Social Security Law § 374 (b). "If the comptroller determines that the member is physically or mentally incapacitated for the performance of duty * * * and ought to be retired, he shall be so retired”. (Retirement and Social Security Law § 363-c [d].)
Accordingly, following petitioner Rose’s retirement, the Town of Clarkstown had no authority to permit Rose to remain on the payroll. (Matter of Crocker v Village of Endicott, 184 AD2d 820, 822.)
Pursuant to the provisions of General Order No. 110, entitled "Organization of the Police Department” (adopted as part of the Town Code of Town of Clarkstown), subdivision II, the Chief of Police is the "chief executive officer of the Police Department”.
The Police Chief acted in this capacity in taking the administrative steps to inform the appropriate Town departments of the State Comptroller’s decision to retire the petitioner.
*248 There is no Town rule or regulation which requires the conduct of a municipal hearing or meeting prior to removing a retired disabled police officer from the payroll.
The only ministerial action taken by the Police Commission was the signing by the Police Commissioner of a Rockland County "report of personnel change form” which occurred at the Police Commission’s July 21, 1997 meeting. The respondents have produced documentary proof which conclusively demonstrates that the Town complied with the Public Officers Law in providing public notice of this meeting.
The respondents’ motion to dismiss the petition is granted.
To be restored to the payroll, the petitioner must necessarily be successful in the companion action (Rockland County P.B.A. v Collins, Sup Ct, Rockland County, index No. 3995/97 [which has been transferred to Supreme Court, Albany County, for determination]) which seeks relief against the State Comptroller.