■ In the Matter of EDWIN A. BOYE, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE I-B PENSION FUND et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Trustees of the New York City Fire Department, Article I-B Pension Fund, dated August 30, 1989, which denied the petitioner's application for accident disability retirement, the petitioner appeals from a judgment of the Supreme Court, Kings County (Hutcherson, J.), entered June 13, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner was appointed to the New York City Fire Department on or about April 1, 1950. Between January 11, 1968, and May 3, 1988, the petitioner sustained several line-of-duty injuries which caused him to be out on medical leave for various lengths of time. The petitioner sustained his last line-of-duty injury on December 27, 1988, when he slipped and fell on sprinkler water. The petitioner was out on medical leave from December 27, 1988, until February 27, 1989, based upon this last accident. On March 2, 1989, the petitioner submitted an application for service-incurred disability retirement (accident disability retirement). The petitioner listed the following as the reasons why he could no longer perform the duties under his title of Battalion Chief: "1) Supination of left arm reduced to approximately 50%. 2) Restricted movement of left thumb. 3) Left wrist stiff. 4) Left knee stiff. Upon awakening in morning, it takes 1 or 2 minutes to walk and arm is stiff for up to 5 minutes". The petitioner was examined by various doctors, including the Fire Department Three Man Medical Board which voted that the petitioner was unfit for fire duty. Additionally, the petitioner underwent a bone scan and an electromyogram. Thereafter, the Medical Board of the Article I-B Pension Fund reviewed the petitioner's application and medical records and recommended that the petitioner's application for an accident disability retirement be denied and that he be retired on ordinary disability. The Board of Trustees then voted to retire the petitioner on ordinary disability retirement. The petitioner commenced the instant proceeding pursuant to CPLR article 78 in the Supreme Court, Kings

County, to review the determination of the Board of Trustees. By judgment entered June 13, 1990, the Supreme Court dismissed the proceeding.

Since no hearing was held by the respondent Board of Trustees, the standard of review in the instant proceeding is "whether the agency determination was arbitrary and capricious or affected by an error of law" (CPLR 7803 [3]; *Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753, 758). The objective medical evidence appearing in the record reveals that the petitioner's disabilities were arthritic and degenerative in nature and not proximately caused by the accident on December 27, 1988. Moreover, any evidence to the contrary was, at best, equivocal. As a result we conclude that there was a rational basis to support the determination of the Board of Trustees and that such determination was not arbitrary and capricious *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). Harwood, J. P., Eiber, Ritter and Copertino, JJ., concur.