■ In the Matter of EDWARD J. METZ, Respondent, v DEPARTMENT OF FIRE, CITY OF SCHENECTADY, et al., Appellants. [607 NYS2d 189] —Casey, J. Appeal from a judgment of the Supreme Court (Doran, J.), entered September 9, 1992 in Schenectady County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondents denying petitioner's request for retirement benefits pursuant to General Municipal Law § 207-a.

Petitioner fractured his left wrist while performing his duties as a firefighter in November 1988. He was placed on injured leave status for approximately two months and he then returned to work at the advice of his physician. Petitioner continued to experience pain, stiffness and difficulty in working with heavy pieces of equipment, but he lost no time from work until he elected to retire, effective June 29, 1990, when he began to receive ordinary retirement benefits from the New York State Police and Fire Retirement System. As a result of the continued deterioration of his wrist, petitioner applied for accidental disability retirement in February 1991 and, after the Retirement System conducted an independent physical examination of petitioner, he was granted accidental disability retirement retroactive to June 29, 1990.

Petitioner thereafter applied to respondents for the benefits required by General Municipal Law § 207-a, which provides that firefighters injured in the performance of their duties who receive accidental disability retirement are entitled to supplemental payments from their employer until they reach the mandatory retirement age. Respondents denied the request upon the ground that petitioner retired on the ordinary retirement plan and was not on General Municipal Law § 207-a leave when he retired. Petitioner then commenced this CPLR article 78 proceeding to challenge respondents' determination, and Supreme Court granted judgment to petitioner directing respondents to grant petitioner's application for the supplemental payments required by General Municipal Law § 207-a. This appeal by respondents ensued.

We agree with Supreme Court that this case is controlled by the holding in *Matter of Klonowski v Department of Fire* (58 NY2d 398). In *Klonowski,* a firefighter was injured on the job and approximately a year later he submitted a notice of

voluntary retirement. Several months later he applied for accidental disability retirement and the application was granted by the Retirement System. The firefighter's subsequent application for the supplemental benefits required by General Municipal Law § 207-a was ultimately denied by the municipality on the ground that he was not receiving General Municipal Law § 207-a benefits when he was granted accidental disability benefits. The Court of Appeals held in *Klonowski* that despite his voluntary retirement, the firefighter was entitled, upon the granting of the accidental disability retirement allowance, to receive from the municipality General Municipal Law § 207-a benefits as of the date of the voluntary retirement *(supra,* at 400-401).

Although petitioner continued to receive his full salary until he retired and was thereafter granted accidental disability benefits, respondents contend that there are factual differences in this case which distinguish it from *Klonowski* and justify a different result. We disagree. Respondents point out that the firefighter in the *Klonowski* case did not return to work after his injury and before his retirement, whereas petitioner returned to work two months after he was injured and worked for some 17 months before retirement. At best, petitioner's return to work suggests that the injury did not disable him from the performance of his duties as a firefighter, but the determination by the Retirement System that petitioner was eligible for an accidental disability allowance established that in fact petitioner was disabled by the injury. The municipal respondents in *Klonowski* alleged that the firefighter's attending physician had indicated that the firefighter could return to full duties several months after he was injured and that the firefighter was not disabled when he voluntarily retired *(supra,* at 401-402). The Court of Appeals, however, ignored the allegations and concluded that the later award of accidental disability benefits established that the firefighter was in fact eligible for such benefits when he voluntarily retired *(supra,* at 406). Here, too, the later award of accidental disability benefits established that petitioner was in fact eligible for such benefits when he voluntarily retired, so that his return to work after the injury and before his retirement is irrelevant.

Respondents also point out that the firefighter in *Klonowski* applied for accidental disability retirement benefits before his voluntary retirement became effective, a fact important enough to be mentioned in the statement of the court's holding at the beginning of its decision *(supra,* at 400-401).

Although petitioner's ordinary retirement had become effective several months before he applied for accidental disability retirement benefits, it is undisputed that the Retirement System made its award of accidental disability benefits retroactive to June 29, 1990, the effective date of petitioner's ordinary retirement. The later retroactive award of accidental disability benefits to petitioner clearly established that he was eligible for such benefits when he retired on June 29, 1990, and, therefore, the rationale applied by the Court of Appeals in *Klonowski* is applicable in this case *(see, supra,* at 406).

Having concluded that this case is controlled by the holding in *Klonowski,* we need not address any of the other issues raised by respondents. The judgment must be affirmed.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.