■ In the Matter of JOHN COLLINS, Appellant, v CITY OF YONKERS et al., Respondents. [616 NYS2d 630] —In a proceeding pursuant to CPLR article 78 to review a determination by the respondents dated March 5, 1992, which denied the petitioner supplemental wage benefits under General Municipal Law § 207-a (2), the appeal is from a judgment of the Supreme Court, Westchester County (Pirro, J.), entered February 2, 1993, which denied the application.

Ordered that the judgment is affirmed, with costs.

The petitioner, a firefighter with the City of Yonkers, received two "on-line" injuries during the course of his employment as a firefighter. His first injury occurred in 1969, his later injury occurred in 1987. In 1989 Collins sought and was granted a voluntary retirement from the New York State Retirement System. Approximately one year later he reapplied to the retirement system for an accidental disability retirement pension. He was granted that pension, and thereafter applied for a wage supplement pursuant to General Municipal Law § 207-a (2). This wage supplement would compensate him for the difference between what he receives under a

disability pension and what he would otherwise receive as an active firefighter.

The Yonkers Fire Department denied the petitioner's request for the wage supplement. The petitioner appealed to the City of Yonkers, which also denied his application. Thereafter, the petitioner commenced the instant proceeding. The Supreme Court denied petitioner's request for a wage supplement. We affirm.

The benefits afforded firefighters pursuant to General Municipal Law § 207-a are remedial in nature and thus are to be liberally construed in their favor (see, Matter of Klonowski v Department of Fire, 58 NY2d 398; Pease v Colucci, 59 AD2d 233). The entitlement to benefits under this section, however, is dependent on two factors; (1) a firefighter must have either been injured in, or taken sick as a result of, the performance of his or her duties, and (2) by reason thereof the firefighter must have been disabled from performing his or her regular duties (see, King v City of Newburgh, 84 AD2d 388).

After reviewing the record we find that a rational basis exists for the respondents' conclusion that the petitioner's alleged disability was not caused by an "on-line" injury. While it is noted in the dissent that there is evidence that the petitioner complained of back pain after his 1969 injury, we do not find this fact to be significant, as the petitioner continued to work for approximately 20 years thereafter. With respect to the 1987 injury, there is no evidence that during the two years after the accident, prior to his retirement, the petitioner missed work or underwent any medical treatment as a result of that injury. Thus, we find no basis to conclude that the respondents' determination in this case was irrational (see, Matter of Klonowski v Department of Fire, supra; Matter of Metz v Department of Fire, 201 AD2d 760). Rosenblatt, J. P., Copertino and Joy, JJ., concur.

Lawrence, J., dissents and votes to reverse the judgment, grant the petition, annul the determination, and direct the respondents to grant the petitioner's application for supplemental wage benefits pursuant to General Municipal Law § 207-a, with the following memorandum: The petitioner began working as a firefighter in the Yonkers Fire Department in March 1969. At that time he was assigned to work in the Department's mechanic shop. On November 27, 1969, the petitioner sustained injury to his back when he was hit by an engine that was suspended from a hoist. He was confined to the hospital and in traction for nine days, having suffered an acute herniated disc for which he continued to received treat-

ment for the following one and one-half years. The petitioner subsequently returned to work in the mechanics shop, but at some point during the next 10 years was reassigned to firefighting duties as a consequence of a staffing policy change.

On July 25, 1987, the petitioner sustained a second on-duty injury to his back when he was a passenger in a fire engine which was involved in an accident while responding to a fire alarm. The engine went out of control, jumped the center roadway divider, crossed the sidewalk, entered a parking lot, and struck several cars. The petitioner was examined at the emergency room, and spent the next two days, his regular days off, convalescing at home. He did not miss any time from work. In the following two years the petitioner's back pain increased, and his injury was subsequently diagnosed as a central and left sided disc herniation at L4-5 extending and displacing the left L5 root with a circumferential bulge at the L5-S1 level.

On May 24, 1989, the petitioner retired from the Yonkers Fire Department. The following year he applied for an accident disability pension from the New York State Retirement System. Following an examination by a New York State Retirement System physician, the New York State Comptroller determined that the petitioner was "incapacitated for the performance of duty as the natural and proximate result of an accident sustained in service", and his application was approved.

The petitioner subsequently sought supplemental benefits from the City of Yonkers pursuant to General Municipal Law § 207-a (2). In support of his application, the petitioner submitted, among other things, the report of Dr. Nicholas De Palma, dated May 1, 1990, in which the doctor concluded, after having conducted an "MRI" test, that the petitioner was suffering from a herniated disc which was of recent origin, traumatic in nature and from which no improvement was foreseen, and which was causally related to the 1987 fire truck accident. The Yonkers Fire Commissioner summarily denied the petitioner's application. An appeal to the Mayor of the City of Yonkers and a request for a hearing was denied, as was an application for reconsideration. In denying the petitioner's appeal, the Mayor cited the fact that the petitioner did not lose any days of work as a result of his 1987 accident and continued performing his regular firefighter duties, as well as the fact that he did not apply for disability benefits until "several years" after his retirement. Upon reconsideration the Mayor relied almost exclusively upon the fact that

the petitioner returned to work after having sustained both of his injuries in concluding that "it appears that Mr. Collins was not disabled from the performance of duty at the time of his retirement from the Fire Department".

The petitioner subsequently commenced this proceeding to review the municipality's determination pursuant to CPLR article 78. The Supreme Court summarily denied the petition and dismissed the proceeding. I vote to reverse.

General Municipal Law § 207-a (2) requires a municipality such as the City of Yonkers to pay "any fireman who is permanently disabled as a result of an injury or sickness incurred or resulting from the performance of his duties" and who is granted an accidental disability retirement allowance pursuant to Retirement and Social Security Law § 363 the difference between the amount received under the accidental disability retirement allowance and the amount of his regular salary or wages. However, "[a] firefighter who qualifies for retirement benefits is not automatically entitled to section 207-a benefits (*Matter of Flynn v McLaughlin*, 169 AD2d 768, 769; *see, Matter of Sutka v Conners*, 73 NY2d 395, 404, 405); that determination must be made in the first instance by the municipal employer (*King v City of Newburgh*, 84 AD2d 388, 393)" (*Matter of Barson v Regan*, 177 AD2d 21, 23). The standard of review to be applied to the action challenged at bar, which was taken without benefit of a hearing, is "whether the agency determination was arbitrary and capricious or affected by an error of law (CPLR 7803 [3]; *Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758)" (*Matter of Boye v Board of Trustees*, 181 AD2d 886, 887). Based upon my review of the record, I conclude that the municipality's determination was, in fact, arbitrary and capricious.

I note that the Mayor's denial contains certain factual inconsistencies. Firstly, the Mayor states that the petitioner did not report the 1969 incident until approximately two weeks after its occurrence, when he went to the hospital complaining of back pain. In fact, the record contains a Fire Department Injury Report which indicates that an accident did occur and that as a consequence thereof the Fire Department doctor was notified and instructed the petitioner to see another doctor, who subsequently admitted him to the hospital for testing. Also contained in the record is the affidavit of a fellow firefighter who witnessed the 1969 incident and attested to the date of its occurrence and to the fact that the petitioner complained of back pain as a consequence thereof. There is

absolutely nothing in the record to contradict this evidentiary showing.

Secondly, and contrary to the respondents' assertion, the petitioner's application for disability pension did not occur "several years" after his retirement, but instead was made almost exactly one year after his retirement. In that regard, the Court of Appeals has specifically rejected the notion, which was erroneously relied upon by the respondents, that a disabled firefighter who has voluntarily retired is not entitled to the supplemental wage benefits provided by General Municipal Law § 207-a (see, Matter of Klonowski v Department of Fire, 58 NY2d 398; see also, Matter of Metz v Department of Fire, 201 AD2d 760).

All of the evidentiary matters contained in the record before us, including the expert medical opinions of two physicians, support the petitioner's application for supplementary benefits (cf., Matter of Boye v Board of Trustees, supra). Although it clearly had the opportunity to do so, the municipality neither contradicted nor sought to contradict the petitioner's submissions, but instead apparently relied upon a generalized, layman's belief that a firefighter who returns to duty after sustaining injury and subsequently voluntarily retires cannot have been rendered permanently disabled as a consequence of that injury. I conclude that there is no rational basis for that determination on this record (see, Matter of Pell v Board of Educ., 34 NY2d 222). Accordingly, I vote to grant the petition, and to annul the respondents' determination denying the petitioner's application for supplemental benefits pursuant to the General Municipal Law.