*529
 
 OPINION OF THE COURT
 

 Smith, J.
 

 The primary issue here is whether the provisions of General Municipal Law § 207-c require an applicant for benefits thereunder to submit to medical examination to determine eligibility prior to granting benefits. Because the Appellate Division properly concluded that entitlement to benefits under General Municipal Law § 207-c authorizes a determination by the municipality of eligibility prior to payment of statutory benefits, we affirm.
 

 Petitioners Philip DePoalo and Alfred Greenewald (petitioners) in these CPLR article 78 proceedings challenge respondent County of Schenectady’s (respondent) denial of benefits under General Municipal Law § 207-c. While at home on November 20, 1991, petitioner DePoalo suffered chest pains resulting in his hospitalization for approximately five days. DePoalo, a correction officer employed by respondent, filed an application for benefits pursuant to General Municipal Law § 207-c for illness incurred in the course of his employment. A letter from his personal physician indicating that he suffered from unstable angina pectoris and an occluded right coronary artery supported DePoalo’s application for benefits. The underlying cause of his injury was a preexisting arteriosclerotic heart disease. Petitioner’s physician concluded that job-related stress precipitated his chest pains resulting in hospitalization. Respondent county initially withheld determination of DePoalo’s application pending a further medical examination. However, DePoalo’s application was ultimately denied on the basis of insufficient medical evidence to support a finding that he was taken ill as a result of the performance of his duties following his refusal to attend an examination scheduled by the county.
 

 Petitioner Alfred Greenewald is also a correction officer employed by County of Schenectady. Greenewald filed an application for General Municipal Law § 207-c benefits on March 23, 1992 as a result of chest pains he suffered on
 
 *530
 
 March 20, 1992, while on duty in the waiting room of a hospital, requiring a three-hour hospital emergency room observation. At the direction of his personal physician, Greenewald had several tests performed, including an upper GI series, that disclosed the existence of a hiatal hernia. These tests required Greenewald to miss two days of work, for which Greenewald filed an application for benefits pursuant to General Municipal Law § 207-c for illness incurred in the course of his employment. Respondents denied Greenewald’s application and charged him with two days of sick leave for the absence, finding a lack of adequate medical evidence to support the application. Petitioners challenge respondent county’s respective determinations, contending that the county is without authority to require a medical examination prior to determining eligibility for benefits under General Municipal Law § 207-c and that such a determination is arbitrary and capricious.
 

 Supreme Court, in separate decisions, granted both petitions, finding the denial of General Municipal Law § 207-c benefits by respondent County of Schenectady an abuse of discretion. In
 
 DePoalo,
 
 Supreme Court set aside respondent county’s determination, although it acknowledged the rationale of a prior independent medical examination before determining eligibility. The court nonetheless found no provision in the statute for an examination prior to qualification for General Municipal Law § 207-c benefits. Supreme Court further found the procedure employed by respondent county to determine eligibility inappropriate under the statute, while simultaneously finding said respondent’s ultimate conclusion, that petitioner did not demonstrate that his illness resulted from the performance of duties, justifiable.
 

 In granting petitioner Greenewald’s petition, the same Judge concluded that an employer must initially grant General Municipal Law § 207-c benefits when an applicant submits uncontroverted medical evidence causally connecting the need for medical or hospital care or treatment with the performance of the applicant’s duties. Supreme Court determined that the employer may, however, schedule medical examinations as necessary to confirm the continued right of an employee to receive benefits.
 

 The Appellate Division, in a single order, reversed in each proceeding and dismissed the respective petitions, finding that an applicant for benefits under General Municipal Law § 207-c
 
 *531
 
 must establish both a disability and a causal connection between the injury or illness and the performance of the applicant’s work duties. The Court found further that the applicant may be directed to submit to a predetermination examination to resolve uncertainty concerning either element, maintaining that to find otherwise would deprive the municipality of its right to deny fraudulent or questionable claims.
 

 Petitioner DePoalo argues that the plain and clear language of the statute does not provide for predetermination inspection by a physician for the municipality and that the legislative history supports petitioner’s application for General Municipal Law § 207-c benefits. Petitioner Greenewald argues that he is entitled to General Municipal Law § 207-c benefits and that respondent County of Schenectady’s determination was arbitrary and capricious.
 

 We hold that General Municipal Law § 207-c authorizes a municipality to direct an applicant to undergo a medical examination to provide information upon which the municipality may make a determination that an injury or illness occurred in the performance of duty prior to the awarding of benefits. This conclusion results both from the plain wording of the statute and from the purpose of General Municipal Law § 207-c.
 

 General Municipal Law § 207-c provides in pertinent part:
 

 "Any sheriff, undersheriff, deputy sheriff or corrections officer of the sheriff’s department of any county * * * who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment shall be paid by the municipality by which he is employed the full amount of his regular salary or wages until his disability arising therefrom has ceased * * * Provided, however, * * * the municipal health authorities or any physician appointed for the purpose by the municipality,
 
 after a determination has first been made that such injury or sickness was incurred during, or resulted from, such performance of duty,
 
 may attend any such injured or sick policeman * * * for the purpose of providing medical, surgical or other treatment, or for making inspections and the municipality shall not be liable for salary or wages payable to such
 
 *532
 
 policeman, or for the cost of medical treatment or hospital care furnished after such date as such health authorities or physician shall certify that such injured or sick policeman has recovered and is physically able to perform his regular duties” (General Municipal Law § 207-c [1]; emphasis added).
 

 First, we conclude that the plain wording of General Municipal Law § 207-c authorizes the municipality to make a determination that the injury or illness was related to work performance. The statute authorizes a physician, on behalf of the municipality, to render medical or surgical treatment to the officer. This treatment may be given, however, only after a determination that the injury or illness is work related. The only logical interpretation of the statute is that the municipality, rather than the affected officer, is authorized to make that determination.
 

 Petitioners argue that once they have presented prima facie evidence via a personal physician’s report that their injury or illness is causally connected to the performance of their duties, they are automatically entitled to benefits. However, the statute does not provide for automatic entitlement. Petitioners would have the municipality initially accept as valid every application for benefits and afterwards go back and determine whether or not the claim is legitimate. Such a practice would unduly burden the administration of such benefits, in some instances causing duplication of tasks. Petitioners’ construction would open the floodgates to the unscrupulous who would usurp the statute’s intention, potentially wasting municipal resources. As the statute makes no provision for recoupment of benefits paid on fraudulent claims, it would appear proper for the municipality to determine first if the claim is legitimate and then if necessary provide back pay for benefits lost or restoration of leave credits improperly used
 
 (Matter of Crawford v Sheriff’s Dept.,
 
 152 AD2d 382, 386-387,
 
 lv denied
 
 76 NY2d 704).
 

 Second, the legislative history of General Municipal Law § 207-c supports the conclusion that the municipality rather than the officer make the determination that the injury or illness is work related. General Municipal Law § 207-c was enacted in 1961,
 
 [1]
 
 to provide disability benefits to police officers injured in the line of duty. This statute is modeled after
 
 *533
 
 General Municipal Law § 207-a, enacted in 1941,
 
 [2]
 
 which provides similar benefits to firemen injured or taken sick as a result of their duties. Concerns over the potential abuse of municipal resources created by some police officers receiving dual benefits (i.e., collecting full salaries as policemen under this statute while simultaneously employed on a full-time basis in private industry) or partially disabled officers capable of performing light duty or retiring fully due to disability, collecting full benefits under General Municipal Law § 207-c, as was experienced under General Municipal Law § 207-a with some firemen, were arguments advanced by those opposed to the enactment of General Municipal Law § 207-c and to the provision of similar benefits to police officers.
 
 [3]
 
 It is apparent from this legislative history that the statute should be construed to protect municipalities from fraudulent or unworthy claims. We therefore conclude that the language of General Municipal Law § 207-c clearly authorizes such municipalities to require an independent medical examination prior to a determination of eligibility for receipt of benefits under the statute.
 

 Here, petitioner DePoalo submitted a report from his personal physician specifically indicating the existence of extensive preexisting medical conditions. Petitioner DePoalo’s treating physician, Dr. Eugene Drago, provided a letter supporting petitioner’s application for General Municipal Law § 207-c benefits. In the letter, Dr. Drago indicated that petitioner is under his care for the treatment of heart disease and currently under medical therapy. Dr. Drago explained that it was his feeling that petitioner’s preexisting condition was aggravated by job-related stress and concluded that such stress exacerbated petitioner’s preexisting condition, causally relating to petitioner’s hospitalization. However, the record indicates that petitioner had a lengthy medical history and familial history of heart disease. Thus, it was appropriate for the employer to require petitioner to undergo a medical examination to initially determine if the performance of petitioner’s duties contributed or caused the exacerbation of his severe medical condition before rendering benefits.
 

 Petitioner Greenewald argues only that he met his burden of proving a causal connection between his illness and his employment. In support of his application for General Munici
 
 *534
 
 pal Law § 207-c benefits, he submitted the emergency room report, the medical imaging report from his upper GI series and an attending physician’s report accompanying the C-4 Incident Report for the purposes of workers’ compensation. Neither report clearly indicates a causal connection between the performance of petitioner’s duties and the chest pains he suffered, other than that he happened to suffer an acute hiatal hernia attack while on duty. That mere fortuity of timing does not entitle an employee to benefits under General Municipal Law § 207-c, which provides benefits when an employee is "taken sick as a result of the performance of his duties.” Here, the record is devoid of
 
 any
 
 causal connection between Greenewald’s employment and illness, and respondent was justified in denying his application for those benefits.
 

 Accordingly, in each proceeding, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur.
 

 Order affirmed in each proceeding, with costs.
 

 [1]
 

 . L 1961, ch 920.
 

 [2]
 

 . L 1941, ch 15.
 

 [3]
 

 . Bill Jacket, L 1961, ch 920.