■ In the Matter of TERRY W. CURTIS, Petitioner, v JERRY C. HILLER, as City Manager of City of Watertown, et al., Respondents. [663 NYS2d 460] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner appeals from a determination of respondent City Manager of the City of Watertown (City Manager) denying his application for General Municipal Law § 207-a (1) benefits. Entitlement to benefits pursuant to that section is dependent upon two factors: "(1) a firefighter must have either been injured in, or taken sick as a result of, the performance of his or her duties, and (2) by reason thereof the firefighter must have been disabled from performing his or her regular duties" (*Matter of Collins v City of Yonkers*, 207 AD2d 830, 831, citing *King v City of Newburgh*, 84 AD2d 388). Here, the City Manager determined that the disability, nerve damage in petitioner's leg, was not causally related to the performance of petitioner's duties as a firefighter. The testimony of petitioner's medical experts with respect to the cause of petitioner's disability was equivocal, and it was within the authority of the City Manager to evaluate that testimony (*see, Matter of Flynn v Zaleski*, 212 AD2d 706, 708, *lv denied* 87 NY2d 802). The City Manager rejected the Hearing Officer's findings and made new findings, which are supported by the record (*cf., Matter of Stevens v Axelrod*, 162 AD2d 1025, 1026). We conclude that the determination is supported by substantial evidence (*see generally, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 179; CPLR 7803 [4]). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Jefferson County, Gilbert, J.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.