*338
 
 OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 Is a corrections officer required to prove that performance of his job duties caused or contributed to his disability
 
 in a substantial degree
 
 in order to qualify for benefits under General Municipal Law § 207-c? We answer that question in the negative. .
 

 Petitioner began working as a full-time corrections officer for defendant County in 1989. On June 18, 1995, he suffered a work-related heart attack that disabled him from performing his duties through October 31, 1995. He then returned to work on a modified-duty basis until June 13, 1996, when he experienced chest pains and shortness of breath. His treating physician recommended that he not continue that work, and his subsequent request for medical leave was granted.
 

 At a hearing to determine petitioner’s eligibility for General Municipal Law § 207-c benefits, the evidence showed that petitioner’s current disability was attributable in part to the 1995 work-related heart attack, and in part to other factors, including preexisting coronary artery disease, stress, a long history of smoking and a family predisposition to heart disease. Petitioner also suffered a heart attack prior to his employment by the County, although this did not affect his ability to exercise. The Hearing Officer found that petitioner’s disability “is attributable to both a line-of-duty sickness and a preexisting non-work-related condition,” and further concluded that “less than 25% of [petitioner’s] disability relates to his work as a Cortland County corrections officer.” The Hearing Officer denied petitioner’s claim on the basis that the job-related duties did not cause or contribute to his disability in a
 
 *339
 
 “substantial degree,” as purportedly required under General Municipal Law § 207-c.
 
 *
 
 The County adopted the decision of the Hearing Officer, and denied petitioner’s claim. In response to petitioner’s CPLR article 78 petition seeking to annul the County’s determination, Supreme Court concluded that the Hearing Officer had improperly raised the standard of proof necessary to qualify for section 207-c benefits, and the Appellate Division affirmed. We now affirm.
 

 General Municipal Law § 207-c (1) entitles corrections officers to certain enumerated benefits, including the payment of salary or wages and the cost of medical treatment and hospital care, where the officer “is injured in the performance of his duties or * * * is taken sick as a result of the performance of his duties.” As we recognized in
 
 Matter of Balcerak v County of Nassau
 
 (94 NY2d 253 [1999]), section 207-c is intended “to compensate specified municipal employees for injuries incurred in the performance of special work related to the nature of heightened risks and duties,” in contrast to the more generalized and comprehensive protections provided by the Workers’ Compensation Law
 
 (id.
 
 at 259-260). Moreover, we have made clear that, as a remedial statute, section 207-c should be liberally construed in favor of the injured employees the statute was designed to protect
 
 (see generally Matter of Mashnouk v Miles,
 
 55 NY2d 80, 88 [1982]).
 

 In the case now before us, the administrative determinations were affected by an error of law as they applied a heightened standard of proof in determining that petitioner was ineligible for section 207-c benefits. Section 207-c provides benefits to officers who are disabled “in the performance of’ or “as a result of’ their job duties and does not require that they additionally demonstrate that their disability is related in a substantial degree to their job duties. The heightened standard was articulated in a 1992 State Comptroller opinion relied upon by the Hearing Officer, and by the Fourth Department
 
 (see
 
 1992 Ops St Comp No. 92-15;
 
 Matter of Dembowski v Hanna,
 
 245 AD2d 1039 [1997],
 
 lv denied
 
 91 NY2d 813 [1998]). Both the Comptroller and the Court rested their conclusion on cases finding that those petitioners’ job-related activities caused or contributed to their disabilities in a substantial degree
 
 (Matter of McNamara v City of Syracuse,
 
 60 AD2d 753, 753 [4th Dept 1977];
 
 Matter of Geremski v Department of Fire of City of Syra
 
 
 *340
 

 cuse,
 
 72 Misc 2d 166, 170 [1972],
 
 affd
 
 42 AD2d 1050 [4th Dept 1973],
 
 lv denied
 
 33 NY2d 521 [1974]). Those decisions, however, should not be read to elevate the statutory standard for section 207-c benefits.
 

 Rather, consistent with a liberal reading of section 207-c, a qualified petitioner need only prove a direct causal relationship between job duties and the resulting illness or injury
 
 (see e.g. Fasanaro v County of Rockland,
 
 166 Misc 2d 152 [1995],
 
 affd
 
 237 AD2d 436 [2d Dept],
 
 lv dismissed
 
 90 NY2d 913 [1997];
 
 Matter of Meyers v Loughren,
 
 228 AD2d 927 [3d Dept 1996]). Preexisting non-work-related conditions do not bar recovery under section 207-c where petitioner demonstrates that the job duties were a direct cause of the disability.
 

 Here, the Hearing Officer found that petitioner’s disability was attributable to a line-of-duty illness, in addition to his preexisting work-related condition. Supreme Court agreed, noting that regardless of any predisposition to heart disease, “Petitioner was caused to and did suffer from disability directly related to the 1995 work-related heart attack.” All four cardiologists — including experts for both sides — agreed that petitioner’s 1995 work-related heart attack was a contributing cause of his disability. The testifying County expert further opined that petitioner is no longer able to perform the duties of a corrections officer due to the particular physical and emotional stress of the job, which could precipitate a fatal heart attack.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed, with costs.
 

 *
 

 The Hearing Officer also denied petitioner’s claim for additional payments related to his prior disability. Those claims are not before us.