■ In the Matter of DAVID CASSELMAN, Respondent, v VILLAGE OF LOWVILLE, Appellant. [768 NYS2d 890]—

Appeal from a judgment (denominated order) of Supreme Court, Jefferson County (Gilbert, J.), entered December 19, 2002, which granted the petition and annulled the determination denying petitioner's application for General Municipal Law § 207-c benefits.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging respondent's determination to deny his application for benefits under General Municipal Law § 207-c on the ground that petitioner's injury was not "incurred in the performance of special work related to the nature of heightened risks and duties" of police work (*Balcerak v County of Nassau*, 94 NY2d 253, 259 [1999]). Supreme Court properly granted the petition and annulled the determination. "[I]n order to be eligible for section 207-c benefits, a covered municipal employee need only prove a 'direct causal relationship between job duties and the resulting illness or injury' " (*Matter of Theroux v Reilly*, 1 NY3d 232, 243-244 [2003]). Petitioner proved such a direct

causal relationship and thus demonstrated his entitlement to benefits under General Municipal Law § 207-c. Present—Green, J.P., Wisner, Hurlbutt, Kehoe and Hayes, JJ.