■■ GEORGE R. TUTUSKA, Appellant, v CITY OF BUFFALO et al., Respondents. [784 NYS2d 475]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered October 30, 2003. The judgment denied plaintiff's motion and granted defendants' cross motion to dismiss the proceeding.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion in part, reinstating the proceeding and granting the motion and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Plaintiff (hereafter, petitioner) commenced an action seeking, inter alia, a declaration with respect to his right to benefits under General Municipal Law § 207-a. He thereafter moved for summary judgment, and defendants (hereafter, respondents) cross-moved to dismiss the action "and/or" to convert the action to a proceeding pursuant to CPLR article 78. Petitioner appeals from a judgment denying his motion and granting respondents' cross motion, both converting the action to a proceeding and dismissing the proceeding. We agree with petitioner that the determination denying his request for benefits pursuant to General Municipal Law § 207-a was "affected by an error of law [inasmuch] as [respondents] applied a heightened standard of proof in determining that petitioner was ineligible for [such] benefits" (*Matter of White v County of Cortland*, 97 NY2d 336, 339 [2002]), i.e., they erroneously applied the "heightened risk" standard (*Matter of Balcerak v County of Nassau*, 94 NY2d 253, 260 [1999]; *see generally Matter of Theroux v Reilly*, 1 NY3d 232,

239-242 [2003]). We further conclude that Supreme Court should have granted petitioner's motion because petitioner established his entitlement to section 207-a benefits as a matter of law based on the "direct causal relationship between [his] job duties and the resulting [left shoulder] . . . injury" (*White*, 97 NY2d at 340). We therefore modify the judgment accordingly, and we remit the matter to Supreme Court to determine the amount of benefits to which petitioner is entitled. Present— Green, J.P., Scudder, Gorski, Martoche and Hayes, JJ.