In the Matter of COUNTY OF ORANGE, Appellant, v WILLIAM R. WERNER et al., Respondents. [814 NYS2d 231]—

Proceeding pursuant to CPLR article 78 to review an undated determination of J. Neal Blair, as Hearing Officer, which, after a hearing, in effect, annulled a determination of the Sheriff of Orange County dated September 17, 2003, denying William R. Werner disability benefits pursuant to General Municipal Law § 207-c.

Adjudged that the petition is granted, the Hearing Officer's determination is annulled, and the determination of the Sheriff of Orange County to deny General Municipal Law § 207-c benefits to the respondent is reinstated, with costs.

On the weekend of August 23, 2003, while at home, the respondent William R. Werner, then a lieutenant in the Orange County Sheriff's Office, had a heart attack. At that time, he was the "on-call" command officer for the Sheriff's Office. In his subsequent application for disability benefits under General

Municipal Law § 207-c, Werner claimed that the stress level he experienced at work was directly responsible for causing the heart attack. The Sheriff denied the application for disability benefits, finding no causal relationship between the illness reported and Werner's employment. Following an evidentiary hearing reviewing the Sheriff's decision, at which no medical proof was offered on the issue of causation, the Hearing Officer, in effect, annulled the Sheriff's determination, finding that Werner was injured on the job and implicitly finding a direct causal relationship between his job duties and the resulting heart attack. The County of Orange subsequently commenced this CPLR article 78 proceeding to annul the determination as not supported by substantial evidence.

To receive General Municipal Law § 207-c disability benefits, "a covered municipal employee need only prove a 'direct causal relationship between job duties and the resulting illness or injury'. . . The word 'duties' in section 207-c encompasses the full range of a covered employee's job duties" (*Matter of Theroux v Reilly,* 1 NY3d 232, 243-244 [2003], citing *Matter of White v County of Cortland,* 97 NY2d 336, 340 [2002]). However, merely taking ill while at work is not enough. Werner also had to show a causal connection between the performance of his duties and the heart attack (*see Matter of White v County of Cortland, supra* at 340; *Matter of DePoalo v County of Schenectady,* 85 NY2d 527, 534 [1995]). Other than the "mere fortuity of timing" that the heart attack occurred while Werner was on call, there is nothing in the record to causally connect the illness to his job duties on that day (*see Matter of DePoalo v County of Schenectady, supra* at 534).

There is also no substantial evidence in the record supporting the conclusion that work-related stress caused Werner's heart attack. The only evidence to this effect was Werner's self-serving opinion that this type of stress was a factor in causing his heart attack. However, this is not "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]). Consequently, the determination of the Hearing Officer was not supported by substantial evidence and must be annulled, and the determination of the Sheriff denying disability benefits is reinstated. Schmidt, J.P., Skelos, Lunn and Dillon, JJ., concur.