In the Matter of RIDGE ROAD FIRE DISTRICT, Respondent, v MICHAEL P. SCHIANO, as Hearing Officer Designated Pursuant to the Collective Bargaining Agreement Between Ridge Road Fire District and Ridge Road Professional Firefighters Association IAFF, Local 3794, International Association of Firefighters, AFL-CIO, Respondent, and KEVIN NOWAK et al., Appellants. [890 NYS2d 745]——

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered June 16, 2008 in a proceeding pursuant to CPLR article 78. The judgment granted the petition and annulled the determination of respondent Michael P. Schiano, as Hearing Officer.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the petition is dismissed and the determination of respondent Michael P. Schiano, as Hearing Officer, is reinstated.

Memorandum: Respondents-appellants (hereafter, respondents) appeal from a judgment granting the petition pursuant to CPLR article 78 seeking to annul the determination of respondent Hearing Officer. The Hearing Officer had granted respondent Kevin Nowak benefits pursuant to General Municipal Law § 207-a upon finding that petitioner's determination denying Nowak benefits was not supported by substantial evidence, and Supreme Court annulled the Hearing Officer's determination upon concluding that petitioner's denial of benefits was supported by substantial evidence and that the Hearing Officer's determination was arbitrary and capricious. That was error.

Pursuant to the collective bargaining agreement (CBA) entered into between petitioner and respondent the Ridge Road Professional Firefighters Association IAFF, Local 3794, International Association of Firefighters, AFL-CIO (hereafter, Union), an employee who was denied benefits pursuant to General Municipal Law § 207-a was entitled to appeal that determination to the Board of Fire Commissioners (Board), which would then appoint a hearing officer chosen from a list of names mutually agreed upon by the Board and the Union. The CBA provided that "[i]t is the employee ['s] burden to prove [that] the employee is entitled to [General Municipal Law §] 207-a benefits" and that the hearing officer shall issue a written decision containing findings of fact and conclusions of law (*cf. Matter of Poughkeepsie Professional Firefighters' Assn., Local 596, IAFF, AFL-CIO-CLC v New York State Pub. Empl. Relations Bd.*, 6 NY3d 514, 522 [2006]).

Nowak applied for benefits after he experienced back pain while operating a vehicle, known as the Quint, in response to a fire alarm on November 7, 2002. It is undisputed that Nowak had sustained a prior non-work-related injury to his lower back in August 2002 and that, prior to that time, he had a history of other back injuries, both work related and non-work related. In January 2003 petitioner denied Nowak's request for benefits, and a hearing before a hearing officer thereafter was conducted pursuant to the terms of the CBA. The Hearing Officer determined that respondents presented substantial evidence that the disability was related to the performance of Nowak's duties. Although Supreme Court transferred the CPLR article 78 proceeding commenced by petitioner at that time to this Court pursuant to CPLR 7804 (g), this Court in turn vacated the order transferring the proceeding and remitted the matter to Supreme Court for a determination of the merits inasmuch as the Hearing Officer's determination "was not 'made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law' . . . [but, r]ather, the determination was the result of a hearing conducted pursuant to the terms of the [CBA]" (*Matter of Ridge Rd. Fire Dist. v Schiano*, 41 AD3d 1219, 1220 [2007]). Upon remittal, the court annulled the determination awarding benefits to Nowak upon concluding that the Hearing Officer had applied an incorrect standard of review and analysis. The Hearing Officer had analyzed the issue in terms of whether respondents presented substantial evidence to override petitioner's determination, and the court concluded that the Hearing Officer instead should have determined whether petitioner's determination was supported by substantial evidence. The court therefore remitted the matter to the Hearing

Officer to apply the correct standard of review. Respondents did not take an appeal from that judgment of Supreme Court, and it therefore is not before us on this appeal (*see* CPLR 5501 [a]).

Upon remittal from Supreme Court, the Hearing Officer issued a second decision, concluding that petitioner's denial of benefits to Nowak was not supported by substantial evidence. Petitioner then commenced the instant CPLR article 78 proceeding and, as previously noted, the court granted the petition upon concluding that there was substantial evidence to support petitioner's denial of benefits to Nowak and that the Hearing Officer's determination was arbitrary and capricious (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]).

We conclude that the court erred in determining that the denial of benefits to Nowak was supported by substantial evidence and thus that the Hearing Officer's determination to the contrary was arbitrary and capricious (*see generally Pell*, 34 NY2d at 230-231). Nowak was advised that he was denied benefits on the ground that his physician had indicated that his injury was related to the non-work-related injury in August 2002, and not a prior work-related injury sustained in November 1999. At the hearing, petitioner presented the testimony and report of a physician who reviewed Nowak's medical records and agreed that "something about that day [i.e., November 7, 2002] caused a flare up of pain." The physician further concluded, however, that the pain was related to the prior non-work-related injury sustained in August 2002, not the prior work-related injury sustained in November 1999. The court therefore determined that there was substantial evidence to support the denial of benefits. We disagree, inasmuch as petitioner also presented the testimony of the battalion chief that, after returning from the response to the fire alarm on November 7, 2002, he observed that Nowak appeared to be in pain. After determining that Nowak began experiencing back pain while operating the Quint, the battalion chief took Nowak off duty and transported him to the hospital.

It is well established that, "consistent with a liberal reading of section 207-[a], a qualified [employee] need only prove a direct causal relationship between job duties and the resulting . . . injury . . . Preexisting non-work-related conditions do not bar recovery under section 207-[a] where [the employee] demonstrates that the job duties were a direct cause of the disability" (*Matter of White v County of Cortland*, 97 NY2d 336, 340 [2002];

*see Matter of Theroux v Reilly*, 1 NY3d 232, 243-244 [2003]). Here, consistent with the requirements of the CBA, respondents, through the testimony of Nowak and his treating physician, demonstrated that the job duties performed by Nowak were a direct cause of his disability. Furthermore, as previously noted, petitioner presented the testimony of the battalion chief who observed Nowak after exiting the Quint and determined that Nowak began to experience pain while operating the Quint. We therefore conclude that the denial of benefits, which was based on the determination that the disability was solely related to a prior non-work-related injury, is not supported by substantial evidence (*see generally Pell*, 34 NY2d at 230-231), and we thus conclude that the court erred in determining that the Hearing Officer's determination to that effect was arbitrary and capricious. We note that, although there was testimony concerning the issue whether the seat in the Quint malfunctioned, that issue is not determinative with respect to whether the denial of benefits is supported by substantial evidence, inasmuch as Nowak's operation of the Quint was a job duty that was a direct cause of Nowak's disability (*see White*, 97 NY2d at 340). Present—Scudder, P.J., Smith, Carni, Pine and Gorski, JJ.