■ In the Matter of RALPH TANCREDI, Respondent, v TOWN OF HARRISON/VILLAGE OF HARRISON POLICE DEPARTMENT et al., Appellants. [898 NYS2d 631]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Chief of Police of the Town of Harrison/Village of Harrison Police Department dated April 15, 2008, which denied the petitioner's application for benefits pursuant to General Municipal Law § 207-c, the appeal is from a judgment of the Supreme Court, Westchester County (Bellantoni, J.), entered February 3, 2009, which granted the petition, annulled the determination, and awarded the petitioner benefits.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

In November 2006 the petitioner, a police officer, filed an incident report with his employer, the Town of Harrison/Village of Harrison Police Department (hereinafter the police department), informing the police department that he had injured his hand and back while trying to subdue an emotionally disturbed person at the police station. Despite the report, however, the petitioner did not miss any work until June 2007, at which time his employer preferred disciplinary charges against him on an unrelated matter and suspended him with pay. A second set of disciplinary charges, on a further unrelated matter, were preferred against him in October 2007.

In February 2008, while still under paid suspension, the petitioner applied to the Chief of Police for benefits pursuant to General Municipal Law § 207-c, claiming that he was injured in the performance of his duties during the November 2006 incident. The Chief of Police denied the petitioner's application. The petitioner commenced this CPLR article 78 proceeding to review that determination and to compel an award of benefits. The Supreme Court granted the petition, annulled the determination, and awarded the petitioner benefits. We reverse.

The determination denying the petitioner's application for General Municipal Law § 207-c benefits may be annulled only if it is arbitrary and capricious (see CPLR 7803; *Matter of Nicchia v County of Nassau*, 43 AD3d 823 [2007]; *Matter of Bonkoski v Village of Suffern*, 296 AD2d 404 [2002]; *Matter of Collins v City of Yonkers*, 207 AD2d 830 [1994]; *Matter of Boye v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 181 AD2d 886, 887 [1992]). A determination denying General Municipal Law § 207-c benefits is not arbitrary and capricious if it

has a rational basis (*see Matter of Miele v Town of Clarkstown,* 299 AD2d 362 [2002]).

In order to establish entitlement to General Municipal Law § 207-c benefits, an employee must prove a direct causal relationship between his or her job duties and the subject injury or illness (*see Matter of Schafer v Reilly,* 3 NY3d 691 [2004]; *Matter of White v County of Cortland,* 97 NY2d 336, 339 [2002]; *Matter of Schmidt v Putnam County Off. of Sheriff,* 49 AD3d 761 [2008]; *Matter of County of Orange v Werner,* 28 AD3d 761, 762 [2006]; *Matter of Casselman v Village of Lowville,* 2 AD3d 1281 [2003]). Here, in support of his application for benefits, the petitioner submitted medical records showing that he commenced medical treatment for the subject injuries in or about December 2007, more than a year after the incident which allegedly caused the injuries. Although the medical records provided to the Chief of Police prior to his determination show that, commencing in December 2007, the petitioner complained and reported to his medical providers that his condition was caused by the November 2006 incident, the petitioner did not submit clear medical proof or an opinion as to causation. Thus, the denial of General Municipal Law § 207-c benefits was not arbitrary and capricious (*see Matter of Cole-Hatchard v Sherwood,* 309 AD2d 933 [2003]; *Matter of Schenectady County Sheriff's Benevolent Assn. v McEvoy,* 124 AD2d 911 [1986]).

Moreover, contrary to the petitioner's arguments, the fact that the Chief of Police preferred two sets of unrelated disciplinary charges against him does not, in itself, undermine the impartiality of the Chief of Police so as to render his otherwise rational denial of benefits arbitrary and capricious (*cf. Matter of Prioleau v Nicoletti,* 54 AD3d 768 [2008]; *Matter of Brundage v Yonkers Parking Auth.,* 220 AD2d 411 [1995]; *Matter of O'Reilly v Pisani,* 79 AD2d 973 [1981]).

The petitioner's remaining contentions are without merit.

Accordingly, the petition should have been denied, the determination confirmed, and the proceeding dismissed. Fisher, J.P., Leventhal, Belen and Sgroi, JJ., concur.