# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1011.1
TP 11-00163
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF PETRA WYDRA, PETITIONER,

V                                              MEMORANDUM AND ORDER

CITY OF ROCHESTER, RESPONDENT.

---

TREVETT CRISTO SALZER & ANDOLINA, P.C., ROCHESTER (LAWRENCE J. ANDOLINA OF COUNSEL), FOR PETITIONER.

JEFFREY EICHNER, ACTING CORPORATION COUNSEL, ROCHESTER (IGOR SHUKOFF OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Thomas A. Stander, J.], entered January 24, 2011) to review a determination of respondent. The determination, among other things, terminated petitioner's employment as a police officer.

It is hereby ORDERED that the determination is unanimously annulled on the law without costs and the petition is granted.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination to discontinue the payment of benefits to her under section 8A-6 of the Charter of respondent City of Rochester (City) and to terminate her employment as a police officer. We conclude that the petition should be granted. Section 8A-6 of the Charter provides in relevant part that the Chief of Police, on behalf of the City, shall compensate any member of the Police Department "who is injured in the performance of his or her duties or who is taken sick as a result of the performance of his or her duties . . . ." The parties agree that the section of the Charter in question is the local equivalent of General Municipal Law § 207-c. At the arbitration hearing, the City conceded that petitioner suffered from depression and anxiety, and that she was unable to work as a result of those conditions. Thus, the dispositive issue is whether there is a " 'direct causal relationship between [petitioner's] job duties and the resulting illness or injury' " (*Matter of D'Accursio v Monroe County*, 74 AD3d 1908, 1909, *lv denied* 15 NY3d 710). The statute, and thus the Charter section, do " 'not require that [employees] additionally demonstrate that their disability is related in a substantial degree to their job duties' " (*id.; see Matter of White v County of Cortland*, 97 NY2d 336, 339). Construed liberally, section 207-c merely requires "a qualified petitioner . . . [to] prove

a direct causal relationship between job duties and the resulting illness or injury . . . Preexisting non-work-related conditions do not bar recovery under section 207-c where [the] petitioner demonstrates that the job duties were a direct cause of the disability" (*White*, 97 NY2d at 340).

Here, petitioner's treating psychologist testified at the arbitration hearing that certain work-related incidents caused her to become severely depressed and anxious, which in turn rendered her unfit for duty. Indeed, even the City's expert witness, who evaluated petitioner several times and agreed that she suffered from depression and anxiety, testified that petitioner's condition "is certainly related to the job." The fact that the City's expert testified that petitioner had not suffered from posttraumatic stress disorder (PTSD) is of no moment, inasmuch as General Municipal Law § 207-c does not distinguish between categories of mental illness or disability. Because petitioner was disabled due to depression and anxiety that were caused, at least in part, by her professional duties, it is irrelevant whether she also suffered from PTSD. We thus conclude that the arbitrator's determination that petitioner's disability is unrelated to her job duties and that she therefore is not entitled to benefits under the City Charter's equivalent of section 207-c is not supported by substantial evidence in the record (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182).

We further conclude that the arbitrator's determination that the City lawfully terminated petitioner's employment must also be annulled. The sole basis for the termination, as stated in a letter to petitioner from the Chief of Police, was that she was "continuously absent for more than one (1) year due to a non-work related disability." Inasmuch as we have concluded above that petitioner is entitled to benefits under the Charter because her disability *is* work-related, it necessarily follows that the termination was improper (*see Matter of Ross v Town Bd. of Town of Ramapo*, 78 AD2d 656).

Entered: September 30, 2011

Patricia L. Morgan
Clerk of the Court