# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1320
CA 11-02261
PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

IN THE MATTER OF THOMAS C. ZEMBIEC,
PETITIONER-RESPONDENT,

V                                    MEMORANDUM AND ORDER

COUNTY OF MONROE, MONROE COUNTY SHERIFF'S
DEPARTMENT, PATRICK O'FLYNN, SHERIFF, MONROE
COUNTY SHERIFF'S DEPARTMENT, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY, AND UNDERSHERIFF
WILLIAM SANBORN, IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY, RESPONDENTS-APPELLANTS.

WILLIAM K. TAYLOR, COUNTY ATTORNEY, ROCHESTER (JAMES L. GELORMINI OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

CHRISTINA A. AGOLA, PLLC, ROCHESTER (CHRISTINA A. AGOLA OF COUNSEL),
ROCHESTER, FOR PETITIONER-RESPONDENT.

---------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County
(Thomas M. Van Strydonck, J.), entered April 27, 2012 in a proceeding
pursuant to CPLR article 78. The judgment awarded petitioner General
Municipal Law § 207-c benefits beginning on December 4, 2009.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner, an employee of respondent Monroe County
Sheriff's Department (MCSD), commenced this CPLR article 78 proceeding
seeking, inter alia, to annul the July 19, 2010 determination that he
is not entitled to General Municipal Law § 207-c benefits (disability
benefits). Supreme Court concluded that the determination was
arbitrary and capricious, and issued the instant judgment awarding
petitioner disability benefits commencing on December 4, 2009, the
date of petitioner's request for those benefits. We affirm.

We note as background that petitioner previously commenced a CPLR
article 78 proceeding seeking to annul the June 15, 2009 determination
denying petitioner's first request for disability benefits (prior
proceeding). In the prior proceeding, respondents appealed and
petitioner cross-appealed from an amended judgment granting those
parts of the petition seeking disability benefits from August 12, 2008
through June 15, 2009 as well as petitioner's regular pay from June
15, 2009 through March 25, 2010. This Court modified the amended
judgment by denying that part of the petition seeking an award of

regular pay from June 15, 2009 through March 25, 2010 on the ground that petitioner was required to report to a modified duty assignment on June 15, 2009, but did not do so (*Matter of Zembiec v County of Monroe* [appeal No. 2], 87 AD3d 1358, 1359).

Respondents contend that petitioner's claim in this proceeding is precluded by the doctrine of res judicata. We reject that contention. Petitioner's instant claim is based on a December 2, 2009 status report prepared by an MCSD physician, in which the physician determined that petitioner was not fit to return to work (status report). Petitioner submitted, inter alia, the status report in the prior proceeding to establish the requisite "direct causal relationship between job duties and the resulting illness or injury" (*Matter of White v County of Cortland*, 97 NY2d 336, 340). Contrary to respondents' contention, petitioner's submission of the status report in the prior proceeding does not establish that the claims asserted by petitioner in this proceeding and in the prior proceeding (collectively, proceedings) arose out of the same transaction or series of transactions. It is well settled that the determination whether a "factual grouping constitutes a transaction or series of transactions depends on how the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether . . . their treatment as a unit conforms to the parties' expectations or business understanding or usage" (*Smith v Russell Sage Coll.*, 54 NY2d 185, 192-193, *rearg denied* 55 NY2d 878 [internal quotation marks omitted]). Here, although the proceedings both involve claims concerning petitioner's entitlement to disability benefits and are arguably related in time inasmuch as certain events relevant to this appeal, i.e., the issuance of the status report and petitioner's second request for disability benefits, occurred while the prior proceeding was pending, the proceedings are based upon two different transactions—respondents' June 15, 2009 denial of benefits and respondents' July 19, 2010 denial of benefits (*see generally Matter of Reilly v Reid*, 45 NY2d 24, 30). Thus, in the prior proceeding, the court was concerned only with the issue whether respondents' June 15, 2009 determination was "arbitrary and capricious" (CPLR 7803 [3]). Indeed, the court stated in the amended judgment in the prior proceeding that petitioner's "current condition and ability to perform the modified assignment . . . [was] beyond the scope of the [prior] proceeding." Moreover, we note that the court's "review of [the] administrative determination [in the prior proceeding was] limited to the 'facts and record adduced before the agency' " (*Matter of Kelly v Safir*, 96 NY2d 32, 39, *rearg denied* 96 NY2d 854, quoting *Matter of Featherstone v Franco*, 95 NY2d 550, 554), and the court therefore could not rely on post-determination submissions, such as the status report, in evaluating the determination.

We also reject respondents' alternative contention that petitioner's instant claim is barred by collateral estoppel. We conclude that the issues concerning petitioner's ability to return to work and his eligibility for disability benefits in December 2009 were not decided in the prior proceeding (*see generally Beuchel v Bain*, 97 NY2d 295, 303-304, *cert denied* 535 US 1096). Our decision in the prior appeal does not require a different result (*see Zembiec*, 87 AD3d

at 1359).  Although we determined that the court erred in awarding petitioner regular pay from June 15, 2009 through March 25, 2010, we did not foreclose the possibility that petitioner may, at some point after June 15, 2009, again become eligible for disability benefits.