■ In the Matter of ROBERT GUESNO, Appellant, v VILLAGE OF EAST ROCHESTER, Respondent. [988 NYS2d 802]—Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered March 12, 2013 in a CPLR article 78 proceeding. The judgment denied the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 challenging the determination terminating his General Municipal Law § 207-c benefits on the ground that his current disability is not related to an on-the-job injury. Contrary to petitioner's contention, Supreme Court properly refused to transfer the proceeding pursuant to CPLR 7804 (g) inasmuch as the petition does not raise an issue of substantial evidence (*see Matter of Guillory v Fischer*, 110 AD3d 1426, 1427 [2013], *appeal dismissed* 22 NY3d 1111 [2014]; *Matter of Burns v Carballada*, 101 AD3d 1610, 1611 [2012], *appeal dismissed and lv denied* 22 NY3d 926 [2013]). "Where, as here, a petition does not raise a substantial evidence issue, a court's inquiry is 'limited to whether [the determination] was arbitrary, capricious or affected by error of law' " (*Matter of Koch v Sheehan*, 95 AD3d 82, 89 [2012], *affd* 21 NY3d 697 [2013]). The record supports the court's conclusion that the determination was neither arbitrary and capricious, i.e., "without sound basis in reason and . . . without regard to the facts" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale*

*& Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]), nor affected by an error of law (*cf. Matter of White v County of Cortland*, 97 NY2d 336, 339 [2002]). Present—Scudder, P.J., Fahey, Carni, Valentino and Whalen, JJ.